In the Matter of Proceedings Supplementary to Execution: GRACE HERLIHY, Judgment Creditor, Appellant, *v.* J. L. WATKINS, JR., a Member of the New York Cotton Exchange, Judgment Debtor.

In the Matter of Supplementary Proceedings: 50 EAST 72ND STREET CORPORATION, Judgment Creditor, Respondent, *v.* J. LAWRENCE WATKINS, JR., Judgment Debtor.

(Consolidated Appeals.)

First Department, March 3, 1939.

*Frederic R. Sanborn* of counsel [*Putney, Twombly & Hall,* attorneys], for the appellant.

*George Natanson* of counsel [*Isaac Gluckman* with him on the brief; attorney], for the respondent.

PER CURIAM. We previously held in the dispute between these two judgment creditors of one J. L. Watkins, Jr., that the Herlihy judgment was entitled to priority of distribution over the judgment of the 50 East 72nd Street Corporation. (*Herlihy* v. *Watkins,* 252 App. Div. 605.)

Under section 807 of the Civil Practice Act, the property of a judgment debtor acquired before or after the appointment of a receiver is vested in the receiver from the time of the order appointing him or extending his receivership. A receiver was appointed at the instance of Herlihy. Thereafter, by the order of November 10, 1936, the receivership was extended to the 50 East 72nd Street Corporation's judgment. Under the circumstances, we are of the opinion that it was improper to include in the order which extended the receivership a direction that certain monthly payments be made by the judgment debtor, pursuant to the provisions of section 793 of the Civil Practice Act, to 50 East 72nd Street Corporation. Such payments should have been directed to be made to the receiver, to be applied on the respective judgments herein in their order of priority.

Section 793 of the Civil Practice Act provides that the court may order the judgment debtor to pay to the judgment creditor " or apply on the judgment " in installments, " such portion of his income," etc. It would appear, therefore, that payments under section 793 may be directed to be made to a receiver for application on the judgment where the court's attention is called to the fact that a receiver has already been appointed of the judgment debtor's property. Otherwise priority of judgments may be rendered ineffectual.

When the present application was made by judgment creditor Herlihy to vacate the order of November 10, 1936, it was denied upon the ground that an order entered January 16, 1937, had already denied similar relief. We find that included in the relief presently demanded was a request that the order of November 10, 1936, be modified in a manner in respect to which no similar relief appears to have been asked in the earlier motion. Under

the circumstances it would have been proper to grant such modification so as to direct that the payment of seventy-five dollars a month due from the judgment debtor after the return day of this motion (November 14, 1938) be made to the receiver. The order appealed from should be modified accordingly.

With respect to the moneys collected prior to November 14, 1938, by 50 East 72nd Street Corporation, we agree with the view of Special Term that the receiver may, if he is so advised, assert his claim thereto in a plenary action. We likewise agree with the disposition made by Special Term as to the remaining relief sought.

The orders appealed from should be modified to the extent indicated in this opinion, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.

Present — O'MALLEY, TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Orders unanimously modified to the extent indicated in opinion and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.