DOROTHEE G. McDONNELL, Plaintiff, *v.* FRANCIS R. McDONNELL, Appellant.

ROBERT A. SIEBERT, Respondent.

Argued September 27, 1939; decided November 21, 1939.

*Stanley N. Ohlbaum* for appellant. 

*William J. Rapp* for respondent. 

RIPPEY, J. Judgment was recovered in the Municipal Court of the City of New York, Ninth District, Borough of Manhattan, and docketed with the clerk of that court on April 23, 1932, in favor of Dorothee G. McDonnell, plaintiff, and against the appellant here, Francis R. McDonnell, defendant, for $367.52, a transcript of which was filed in the office of the Clerk of the County of New York on July 21, 1932. The parties had previously been husband and wife but had been divorced prior to the institution of that suit. Mrs. McDonnell, the judgment creditor, died in August, 1932. On January 6, 1939, an order was made by a justice of the Supreme Court directing that a garnishee execution issue and the same was issued upon that date pursuant to the order and was served upon the Columbia Broadcasting System, Inc., the judgment debtor's employer, on January 9, 1939, since which time ten per cent has been deducted from his wages of eighty dollars per week to apply on the aforesaid judgment (Civ. Prac. Act, § 684). The instant proceeding was instituted in the Supreme Court under section 793 of the Civil Practice Act by an attorney

who claims to hold legal title to the judgment in connection with which the garnishee execution is outstanding to compel payment by McDonnell out of his salary of an additional sum to apply toward payment of the same judgment. On February 25, 1939, an order was made directing the judgment debtor to pay out of his wages and income to the judgment creditor the sum of seven dollars per week beginning January 20, 1939. The order was affirmed by the Appellate Division by a divided court, whereupon the judgment debtor has appealed to this court.

We think a creditor holding a particular judgment may resort to the remedy provided by section 684 of the Civil Practice Act or he may resort to the remedy provided by section 793. He cannot resort to both at the same time. The sections must be read together and brought into harmony if possible (*Matter of Kaplan* v. *Peyser*, 273 N. Y. 147, 150), having in mind the purpose of the Legislature and the general policy of the State. It would certainly be contrary to the policy of the State to deprive a man for the benefit of a creditor of income at least sufficient to meet the reasonable requirements for the support and maintenance of himself and of his dependents. No such purpose can be imputed to the Legislature. The intent of the Legislature in the enactment of section 793 was to provide a remedy for a creditor where the remedy under section 684 could not be invoked or would be inadequate or, in a proper case, to allow judgment creditors, other than the one then collecting on a garnishee execution, to procure some payment on their judgments without waiting for full payment of the judgment on which the garnishee execution was then outstanding.

Section 793 of the Civil Practice Act provided an additional remedy for creditors in the matter of the collection of their judgments out of income to that provided in section 684 (*Dillon* v. *Spilo*, 275 N. Y. 275, 280). It contains no provision for consideration by the court in making an order thereunder of the fact that the applicant for such an order then is exercising his remedy under section 684 to collect

the same judgment which forms the basis of the application under section 793. It provides that the order may be made only after " due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the judgment debtor to *other creditors* under the aforesaid sections six hundred and eighty-four and six hundred and eighty-five or prior order of a court hereunder."

In view of all of those considerations, having elected to take advantage of one remedy the creditor is debarred from taking advantage of the other while the first is being pursued. We find no intention on the part of the Legislature to give a creditor two concurrent cumulative remedies to collect the same judgment out of income, nor do the two sections by their express terms so provide. The question raised in the instant case for decision was not involved or decided in *Dillon* v. *Spilo* (*supra*).

The statute provides that the remedy under either section is given only to a judgment creditor. There is no evidence presented in this case that the attorney who has initiated and is prosecuting this proceeding is a judgment creditor within the meaning of the statute. On the contrary, under the allegations of his own affidavit it must be inferred that he has no property interest in the judgment. There is no evidence from which it may be concluded that the judgment was legally assigned to him.

Since the foregoing requires a reversal of the order, other important questions which would otherwise require determination need not be given further consideration here.

The orders appealed from should be reversed, the motion denied and proceedings dismissed, with costs to the appellant in all courts.

Crane, Ch. J., Lehman, Hubbs, Loughran and Finch, JJ., concur; O'Brien, J., taking no part.

Orders reversed, etc.