HARRY WHITE, Appellant, *v.* ROSE SAPHIRE, Respondent.

First Department, November 22, 1940.

*George Moskowitz* of counsel [*Charles Gottlieb*, attorney], for the appellant.

*Myron Engelman* of counsel [*Engelman & Rosenberg*, attorneys], for the respondent.

DORE, J. By the order appealed from, Special Term has denied a motion, made by the judgment creditor herein, for the appointment of a receiver in supplementary proceedings of property of the judgment debtor pursuant to section 804 of the Civil Practice Act, on the ground that plaintiff has already availed himself of the remedy afforded by section 793 of the Civil Practice Act. We think the denial of the application was error.

On August 30, 1939, plaintiff obtained the judgment for $5,255.54 against defendant, in the Supreme Court, New York county, and in September, 1939, began examination of the debtor in proceedings supplementary to judgment. The testimony disclosed that in the month of August, 1939, the debtor, Rose Saphire, had sold one hundred shares of stock of a corporation bearing the name Rose Saphire, Inc., to her brother, for an alleged consideration of $1,000. Thereafter, on December 27, 1939, the creditor obtained an order under section 793 of the Civil Practice Act, directing payment of ten dollars weekly out of the debtor's earnings or income until the full amount of the judgment was paid. Pursuant to this order, the debtor has already paid $250. The application for the appointment of a receiver under section 804, made on June 25, 1940, set forth the facts relating to the one hundred shares of stock, and claimed the transfer was for the purpose of prejudicing the rights

of the judgment creditor. The application was opposed on the ground that the examination had been closed, and that the creditor, having elected to proceed under section 793, could not avail himself of the further remedy provided by section 804.

Section 804 provides that at any time after the institution of proceedings supplementary to judgment, the court, upon the application of the judgment creditor, " must make an order appointing a receiver of the property of the judgment debtor." It provides for two days' notice of the application unless the court dispenses with notice, and also provides that where the order to attend and be examined has been served on the judgment debtor, a receiver may be appointed " upon or after the return day thereof or at the close of the examination without further notice to him." In this case notice was given by the service of the notice of motion on June 25, 1940.

The judgment debtor, and apparently also the court, relied on *McDonnell* v. *McDonnell* (281 N. Y. 480), which held that a judgment creditor cannot resort simultaneously to (1) the remedy provided under section 684 of the Civil Practice Act for a levy on the earnings or income of the judgment debtor, and (2) the remedy provided by section 793, providing for installment payments by debtors out of income. That case has no application to the facts disclosed herein. It merely held that a creditor may not have two concurrent cumulative remedies to collect the same judgment out of income. The present application is not for an order for further additional payments on the judgment out of debtor's income or earnings, but for the appointment of a receiver to reach assets of the judgment debtor, other than earnings and income.

We think the judgment creditor was entitled to the appointment of a receiver of the assets claimed to have been fraudulently transferred in addition to the remedy invoked under section 793. The purpose of article 45 of the Civil Practice Act is to assist in the expeditious collection of judgments. That purpose would be defeated if a receiver could not be appointed for the judgment debtor's property merely because the creditor was already receiving a small sum out of income in satisfaction of the judgment, pursuant to section 793.

In *Herlihy* v. *Watkins* (256 App. Div. 339) dual relief by way of the appointment of a receiver and a direction for payments under section 793 was held proper.

On the facts disclosed in this record we think that the court could properly appoint a receiver upon notice to the judgment debtor under section 804 of the Civil Practice Act, after the close of the examination. The supplementary proceedings had not been closed.

For the reasons stated the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

Martin, P. J., O'Malley, Townley and Cohn, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.