MARION H. WELLS, Judgment Creditor, Plaintiff, *v.* PAUL M. HOLLISTER, Judgment Debtor, Defendant.

Supreme Court, Special Term, New York County, June 23, 1943.

*J. Harlin O'Connell* for defendant.

*John B. Doyle* for plaintiff.

EDER, J. The plaintiff judgment creditor recovered two judgments against the defendant judgment debtor, one on March 12, 1942, in the sum of $13,662.62, and the other on March 21, 1942, in the sum of $2,703.33. Various proceedings were thereafter had and on May 20, 1943, an order was made herein under section 793 of the Civil Practice Act directing the judgment debtor to pay said judgments in installments at the rate of $250 per month commencing July 15, 1943. At the time the said order was made under section 793 there were no garnishee executions outstanding against the judgment debtor's salary. On June 4, 1943, garnishee orders on each of the said judgments were procured by the judgment creditor and copies were served upon the judgment· debtor's employer on June 7, 1943. Each of the garnishee orders provides that the levy and lien shall be ten per cent of the judgment debtor's salary.

The basis of the instant application is that the judgment creditor having proceeded and obtained an order under section 793 of the Civil Practice Act made an election of remedies and cannot now proceed on the same judgments by garnishment under section 684 of the said Act.

In *McDonnell* v. *McDonnell* (281 N. Y. 480) it was held that both remedies could not be availed of to collect the same judgment. Thereafter the Legislature amended section 793 so that both remedies could be availed of against the same judgment, thus disposing of the *McDonnell* case as an authority in future applications. It is clear that the amendment (L. 1941, ch. 694) was intended to permit the same judgment creditor who had procured a garnishee execution under section 684 to thereafter apply for additional relief under section 793. Section 793 requires the court in making an order under it to have " due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him ", as well as any payments required to be made by the judgment debtor under sections 684 and 685 or prior order of a court under said section 793.

It was recognized as being unfair to the judgment creditor to limit him to the ten per cent permitted under section 684, for the income of the judgment debtor might be such that he

could easily, and without interfering with the reasonable requirements of himself and his dependents, pay a larger sum than ten per cent of his income, and it was but fair and just that he should do so in that situation and thus enable the judgment creditor to collect more than was theretofore available to him. To that end section 793 was enacted empowering the court to order additional payments to be made by the judgment debtor, and notwithstanding the provisions of sections 684 and 685 and whether or not they had been invoked.

But whether, after an order has been made under section 793, the judgment creditor may also apply under section 684, where no application was made thereunder, presents another question. I do not think this is permissible, nor that this was the legislative intent. Where application is made and an order obtained under section 684, it is not predicated on a consideration by the court of the reasonable requirements of the judgment debtor and his family dependents; it is an arbitrary sum fixed by the statute. When applied for under section 793, which requires the court to take those elements into consideration, the order which is made is presumably based upon the maximum sum that the court finds the judgment debtor can pay from his income, and the fact that a ten per cent garnishee order is in effect is of no consequence, except that it is to be considered in fixing the amount to be paid over and above the ten per cent.

When, however, an application is made under section 793, in the first instance, and an order is made thereunder, which presumably fixes the maximum amount which the court finds the judgment debtor is able to pay on account of the judgment, after giving due consideration to the sum reasonably necessary for the needs of the debtor and his dependents, to hold that the judgment creditor may thereafter procure a garnishee order for an additional ten per cent is to permit the imposition of an additional burden on the judgment debtor over and above the presumed maximum which the court found he could pay, and such a construction seems at variance with what was intended by this legislation.

The Legislature, in enacting section 793, sought to be fair to both creditor and debtor. The inequality and unfairness which existed under section 684 in limiting the amount collectible to ten per cent, regardless of whether or not the debtor was able to pay more without depriving himself and his dependents of his and their reasonable requirements, was corrected by this provision authorizing the court to fix a sum in addition to the

garnishee return; and this effort at fairness to both debtor and creditor is frustrated, and, indeed, nullified, if, after the court, under section 793, has fixed the presumed maximum sum the debtor can pay, the creditor may saddle an additional sum of ten per cent upon him by virtue of a garnishment procured under section 684. The balance of fairness, which I believe the Legislature intended should exist, would be destroyed.

The motion is, therefore, granted and the garnishee orders made herein on June 4, 1943, and any and all executions issued pursuant thereto are vacated and set aside. Settle order.