DAISY K. AGELOFF, Plaintiff, *v.* HARRY AGELOFF, Defendant.

Supreme Court, Special Term, Queens County, March 9, 1955.

*Morrison, Peirez, Karmiol & Rosenthal* for plaintiff.

*Samuel Rosenblum* for defendant appearing specially.

RABIN, J.  In opposition to plaintiff's motion for leave to enter a judgment for the amount of arrears of alimony (Civ. Prac. Act, § 1171-b), the defendant, appearing specially, has submitted an affidavit by an attorney of this State in which objection is raised to the jurisdiction of this court to grant the plaintiff the relief she seeks because the defendant since the latter part of 1952 has been a resident of, and domiciled in, the State of Wisconsin.

Process in this action for separation was served personally upon the defendant in the State of New York.  He appeared and answered by attorneys and, after trial, a judgment of separation was granted in favor of the plaintiff, dated February 15, 1951, wherein the custody of the two infant children of the parties was awarded to the plaintiff and the defendant was directed to pay the sum of $375 per month for the support of the plaintiff and the education and maintenance of the two children, now twelve

and eight years of age respectively. Between June, 1951, and January, 1955, the defendant paid only part of the alimony provided by the judgment and he is now in arrears in the sum of $3,555.

The order to show cause by which this application was initiated directed service of a copy thereof and the papers upon which it was granted to be made upon the defendant by registered mail addressed to him at a certain address in Racine, Wisconsin, and a certain other address in Forest Hills, New York, where it is said he still maintains an office for the practice of medicine. On page 25 of the 1954–1955 Queens County telephone directory his name is listed under the Forest Hills address. The affidavit of service shows that the papers were served upon the defendant in the manner and within the time prescribed by the order to show cause. Annexed thereto are two signed postoffice return receipts of registered mail. In addition, the special appearance by an attorney on behalf of the defendant conclusively shows that he had due notice of this proceeding and an opportunity to be heard. Instead, he seeks to avoid his obligations under a judgment rendered by this court which not only had jurisdiction of the subject matter of the action, but of the persons of both parties as well, solely on the ground that he has since become a resident of another State.

Implicit in the defendant's contention is the claim that a motion for leave to docket a money judgment for accrued unpaid alimony under a New York matrimonial decree is a motion independent of the action and requires the service of original process. That contention is without merit. The direction in the decree for the support of the plaintiff and the two children of the parties was not and could not be affected by the defendant's change of domicile or by his absence from this jurisdiction. (*Durlacher* v. *Durlacher*, 173 Misc. 329, 123 F. 2d 70, certiorari denied 315 U. S. 805.) The procedure for the entry of a money judgment, prescribed by section 1171-b of the Civil Practice Act, does not contemplate the rendition of a new judgment in the classical sense. Rather it is part of or incidental to the old judgment — the decree of separation in which there was jurisdiction both in rem and in personam. In short, it is merely another means for the effective enforcement of the alimony provisions of the separation decree; hence no additional personal service of original process was necessary to give this court jurisdiction of this motion. (Cf. *Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448, 454; *Brinkley* v. *Brinkley*, 47 N. Y. 40, 48; *Karpf* v. *Karpf*, 260 App. Div. 701, and *Ridder* v. *Ridder*, 175 Misc. 84.)

Plaintiff's motion is accordingly granted as prayed for. She is also allowed the sum of $150 for the expenses of this proceeding in accordance with the provisions of section 1172-d of the Civil Practice Act. (*Estin* v. *Estin,* 63 N. Y. S. 2d 476, 486, affd. 271 App. Div. 829, affd. 296 N. Y. 308, affd. 334 U. S. 541.)

Submit order.