Mark Costantino, J.
In a matrimonial action which has been resolved by a final judgment providing for the payment to the plaintiff of alimony in the sum of $20 a week, plaintiff moves pursuant to the newly enacted provisions of section 49-b of the Personal Property Law (L. 1958, ch. 659), for an order directing the defendant’s employer to deduct from his salary, commissions, etc; the sum of $20 a week, plus any additional sum the court may order by reason of back alimony due the plaintiff.
Briefly, the petitioner alleges that since July, 1957 the defendant has failed to forward the alimony decreed by the judgment of the court and that there is now due and owing the sum of $860; that since July, 1957 the defendant has resided and worked from his home in New Jersey even though his employer is a New York State corporation, having its principal place of business in New York State. Service of the order to show cause herein was by registered mail directed to the defendant at his address, as well as to his employer.
While no one appeared in opposition to the application the court feels, because of the novel question presented by the newly enacted statute, that a discussion of the contents of this section and its applicability is warranted.
*883 The pertinent portion of the statute reads as follows (subd. 1): “ the court may order his employer to deduct from such employee’s wages, salary and/or commissions such amounts as the court may find to be necessary to comply with its order for the support of * * * his or her spouse.” No provision has been made for the manner of notice or service on the defendant. Though it would appear that the Legislature has provided an additional remedy to the several others afforded a wife in the enforcement of orders or judgments directing the payment of alimony due and to become due, it has not made provision authorizing the court to order or direct the employer to deduct any payment for arrears. The petitioner has her remedy for such arrears by proceeding under the provisions of section 1171-b of the Civil Practice Act and upon obtaining a judgment thereunder to enforce such judgment by execution or in any manner provided by law for the collection of a money judgment. While no specific provisions for the manner of service have been designated in the statute or by any amendment of section 1171-b to embrace the relief provided or in any other section of the Civil Practice Act, the court apparently in the exercise of its discretionary powers directed the manner of service to comply with the provisions of section 1171-b of the Civil Practice Act.
Although the defendant is no longer a resident of the State of New York, it has been held in construing section 1171-b that a provision in a decree for the support of a spouse and children could not be affected by the defendant’s change of domicile or by his absence from the jurisdiction (Durlacher v. Durlacher, 173 Misc. 329,123 F. 2d 70, cert, denied 315 U. S. 805; Ageloff v. Ageloff, 207 Misc. 804). The procedure provided by section 49-b of the Personal Property Law is part of or incidental to the old judgment of divorce in which there was jurisdiction both in rem and in personam. In short, it is merely another means for the effective enforcement of the alimony provisions of the decree. No additional personal service of original process was necessary to give the court jurisdiction of this petition (Ageloff v. Ageloff, supra, and cases cited therein).
Notice was given not only as the court directed but it was effective to bring the defendant into court even if only to contest its jurisdiction which he failed to do.
Accordingly, the petition is dismissed as to the application for arrears and granted as to the weekly sums due since the institution of the proceeding.
Submit order.