Walter B. Hart, J.
Plaintiff moves for an order pursuant to section 49-b of the Personal Property Law to direct defendant’s employer to pay to her out of defendant’s wages temporary alimony of $30 weekly together with arrears of $120 *649 and counsel fees of $100 heretofore awarded by order of the court. The statute in question provides as follows: “ 1. When a person is ordered by a court of record * * * to pay for the support of his minor children and/or spouse under * * * matrimonial proceedings * * * the court may order his employer to deduct from such employee’s wages, salary and/or commissions such amounts as the court may find to be necessary to comply with its order for the support of the employee’s minor children and/or his or her spouse. Such employer shall deduct the amount as ordered from the wages, salary and/or commissions of the employee and forward it monthly as directed in the order. ’ ’
Though the motion is unopposed, two questions concern the court, as follows: (1) Is the statute intended to implement the allowance of counsel fees and (2) whether it is intended to enforce the collection of arrears of alimony?
It is the opinion of this court that while the word ‘ support ’ ’ comprehends necessaries which in turn include counsel fees (Matter of Kaufman [Gonzales], 272 App. Div. 323; Elder v. Rosenwasser, 238 N. Y. 427) a fair reading of the statute compels the conclusion that it was never intended to include the collection of counsel fees and that the manifest purpose thereof was to make certain that the wife and minor children were afforded means of subsistence. It was never intended to be used as an instrument to enforce the collection of alimony in arrears. This is illustrated graphically in the instant case where defendant earns approximately $72 weekly. Plaintiff has been allowed the sum of $30 as alimony and for the support of the issue of the marriage. If as plaintiff requests she be allowed $30 on the current alimony and $30 on the arrears, little would remain for the defendant to subsist on.
Accordingly the motion is granted to the extent of directing defendant’s employer to transmit $30 a week without prejudice to the plaintiff’s rights to pursue such other remedies as she may be advised.
Settle order on notice.