Michael Catalaho, J.
This is an appeal from a ‘ ‘ conviction in the City Court of Buffalo (before Hon. James B. McKenna, Associate Judge) on the 23rd day of February, 1961, for violation of Section 899, subdivision 1 of the Code of Criminal Procedure, and from an order made and entered the same date which directs the employer of the said defendant, Dunlop Tire Corporation, to withhold wages under Section 49-b of the New York Personal Property Law in the sum of Thirty-eight and 00/100 Dollars ($38.00) per week” and pay the same to the defendant’s wife for the support of said wife and their infant daughter.
On the date of said conviction and order, the complainant wife appeared with counsel and the defendant without counsel.
The only evidence in the entire record concerning the separation between the parties was the answer of the complainant: 1 ‘ I moved out of the house where we were living. ’ ’ The rest of the record concerns itself with the amount of the money to be paid to the defendant’s wife and daughter. The wife earns $20 weekly. The son lives with the defendant. Defendant has paid his wife $30 weekly when she had both children, but presently pays her $15 weekly for the support of their daughter. The defendant earns about $119 weekly gross and about $90 to $100 net weekly.
Section 899 of the Code of Criminal Procedure entitled “ Who are disorderly persons, ’ ’ provides, in part:
“ The following are disorderly persons:
‘ ‘ 1. Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means ”.
Section 49-b of the Personal Property Law entitled “Wage assignment and deduction by court order in support cases ” provides, in part: “ 1. When a person is ordered by a * * * municipal court to pay for the support of his minor children and/or spouse, under * * * section eight hundred ninety-nine, subdivisions one and two of the code of criminal procedure * * * the court may order his employer to deduct from such employee’s wages, salary and/or commissions such amounts *697 as the court may find to be necessary to comply with its order for the support of the employee’s minor children and/or his or her spouse. Such employer shall deduct the amount as ordered from the wages, salary and/or commissions of the employee and forward it monthly as directed in the order.”
The defendant contends that under this section of the Personal Property Law no wage deduction can be ordered 1 ‘ without some notice to the defendant prior to the court hearing,” although it appears that he was served with a warrant.
The sufficiency of the warrant (see Code Crim. Pro., § 151) is not questioned. The service of a proper warrant is notice to the defendant and gives the court jurisdiction over him. (People v. Harmer, 75 Misc. 399; see, also, Code Crim. Pro., § 900.) Section 49-b of the Personal Property Law is merely a new means to enforce the payment of support ordered under subdivision 1 of section 899 of the Code of Criminal Procedure. (See de Jongh v. de Jongh, 13 Misc 2d 882.) No further notice that section 49-b might be invoked need be given to a defendant after a proceeding under section 899 is instituted. Therefore, the conviction and order appealed from are affirmed.