Bernard S. Meyer, J.
This is a motion under section 793 of the Civil Practice Act for an order directing judgment debtor to pay to judgment creditor on account of the judgment herein installments in an amount to be fixed by the court. Judgment creditor obtained a judgment in the sum of $780.60 in September, 1959, on which the present balance, exclusive of interest, is *890 $670.60. An execution was returned unsatisfied. Judgment debtor defaulted on a subpoena in supplementary proceedings. Judgment debtor, on Ms application for a loan from judgment creditor stated that he was married, had three dependents, owns a house on which he pays a mortgage of $80 per month, and is employed by Liebmann Breweries, Inc. His employer’s records show him to have been employed since 1945,’ to have been earning in 1960 an average of approximately $120 per week gross, with an average take home of approximately $95 per week after all deductions, and to have two garnishees against his salary, now totaling approximately $750.
Section 793 provides that “ the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his income, however or whenever earned or acquired, as the court may deem proper, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him ”.
While an order under section 793 ordinarily will not be issued if the remedy by execution or garnishee is available to judgment creditor (Matter of Adirondack Furniture Corp. v. Crannell, 167 Misc. 599 ; Metropolitan Life Ins. Co. v. Zaroff, 157 Misc. 796), judgment creditor herein can obtain satisfaction from neither of these remedies.
Conversely section 793 may be invoked by a judgment creditor even though a garmshee is already in effect against judgment debtor’s income (Dillon v. Spilo, 275 N. Y. 275, 280) except that a judgment creditor may not use both remedies simultaneously. (McDonnell v. McDonnell, 281 N. Y. 480.)
Although the act charges the court with the obligation to give due regard to the reasonable requirements of judgment debtor’s family, the burden is on the debtor to come forward with details concerning expenditures required to support his family. (Matter of Olson v. Olson, 275 App. Div. 60, 64 ; Matter of Rich v. Rich, 183 Misc. 551 ; Matter of Compton & Co. v. Williams, 248 App. Div. 545.)
Judgment debtor was duly notified of this motion. He failed to appear in opposition, just as he defaulted on the subpoena in supplementary proceedings. The court must, therefore, proceed on the basis of judgment creditor’s affidavit as supported by documents evidencing judgment debtor’s income.
The motion is granted. Judgment debtor is directed to pay to judgment creditor at the office of the attorney for judgment creditor the sum of $2.50 per week commencing on the first Monday following service of a copy of this order on judgment creditor by registered mail.