Benjamin Brenner, J.
Plaintiff wife moves for an order pursuant to section 49-b of the Personal Property Law directing the defendant husband’s employer to deduct the amount of the temporary alimony from her husband’s wages and to forward same directly to her.
The statute was enacted in 1958 (L. 1958, ch. 659) to enable a wife to receive the amount of temporary or permanent alimony awarded to her by the court directly from the husband’s employer. It has been held that it cannot be used for the payment of arrears of alimony (De Jongh v. De Jongh, 13 Misc 2d 882) nor may it be used as a method of collecting counsel fees (Langus v. Langus, 16 Misc 2d 648). It is clearly discretionary and, in my view, should be used only when the wife establishes wage deductions for the payment of alimony to be essential and, except in extreme cases of need, not at a time when her husband is current and ostensibly complying with the order of the court.
This husband was previously held to he in contempt for failure to make payment of temporary alimony. He was fined *653 and allowed to purge himself of such fine by weekly payments in addition to the regular weekly payments. There has been no default since that time in either the regular or the purge payments. As he is presently current and it is not clear that wage deduction, necessarily embarrassing to a husband, is presently essential, I must decline to exercise discretion in favor of the movant. The motion is denied with leave to renew should there be a change of circumstances.