Thomas C. Chimera, J.
Plaintiff moves for summary judgment in this action on a default Florida judgment. The motion presents substantially conceded facts and a simple question of law.
In 1947 plaintiff procured a judgment of divorce against defendant in Florida. Although defendant was never a resident of that State, he appeared generally by his attorney in that action and does not here contest the validity of that judgment. That judgment, among other things, provided for the support of the child of the marriage.
In 1954, as a result of defendant’s alleged failure to comply fully with the support provisions of the 1947 judgment above described, plaintiff instituted proceedings in Florida to reduce the alleged arrearages to judgment. A copy of the motion (papers) for entry of the 1954 judgment and a notice of hearing, enclosed in an envelope, were mailed by registered mail to defendant, addressed to him at a Tucson, Arizona, address conceded to be defendant’s correct residence address at the time. The evidence shows, and it is conceded, that these papers were never delivered to anyone by the United States postal authorities, who returned them to the sender with the rubber-stamp legend “Unclaimed” marked thereon. The parties stipulate that defendant never had actual notice — never having been exposed to the contents of the envelope. There is no claim made here that the defendant would not have had a sufficient opportunity to be heard, had the registered mail come into his hands at the time of the attempted delivery by the postal authorities.
As a result of these proceedings and in spite of the foregoing, all of which the Florida court was cognizant of, a second judgment, this one by default, was entered in Florida and it is this second judgment that is here in suit and under attack.
As an affirmative defense in his answer, defendant denies jurisdiction in the Florida court to render personal judgment (the second judgment) against him on the attempted “ notice ” above described, contending that in the absence of actual notice that judgment is invalid for want of procedural due process. *295 The answering papers would seem to suggest that the merits of the second judgment in question are also under attack.
It will not be necessary to belabor the conclusion, under both New York and Florida law, that a subsequent judgment for alleged arrearages of alimony and support decreed in a judgment entered in a matrimonial action does not contemplate the rendition of a new judgment in the classical sense but is part of or incidental to the old judgment (Ageloff v. Ageloff, 207 Misc. 804; Durlacher v. Durlacher, 173 Misc. 329; Thompson v. Thompson, 142 Fla. 643 and authorities therein cited).
And the law is settled in each of the three jurisdictions: Federal, New York and Florida, that once personal jurisdiction is obtained over a defendant in an action, all subsequent proceedings relating to that action may be instituted upon substituted service (Milliken v. Meyer, 311 U. S. 457; Ageloff v. Ageloff, supra; Durlacher v. Durlacher, supra; Moore v. Lee, 72 So. 2d 280 [Fla.]).
Counsel for defendant is correct in his conclusion that the Florida cases are unanimous in holding that jurisdiction to enter the judgment under attack here would have obtained if service of notice had been made by mail actually received by the defendant. But it is one thing to say this and quite another to say that no jurisdiction obtained in the Florida court unless the mail was actually received by defendant.
I have been cited no authority and I have found none that says specifically that actual knowledge on the part of a nonresident defendant in this situation is indispensable, and I rule that the method employed here was sufficient to satisfy the necessities of due process.
Milliken (supra) is authority enough and determinative of the issue here. Delivering the opinion of the United States Supreme Court, Mr. Justice Douglas said (p. 463): “ Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice * * * implicit in due process are satisfied.” (Emphasis ours.)
Moore (supra) does not do violence to this conclusion. That was a case where notice to an attorney given eight months after the entry of a final decree in a matrimonial action was ruled insufficient for the reason that “ no presumption exists that the attorney of record for any party in the original action has authority effectively to bind that party in any subsequent pro *296 ceeding to modify that decree in the absence of his actual appearance therein ” (p. 282).
Any other ruling would open the door to a variety of devices calculated to defeat the ends of justice — for one, the addressee could deny his identity upon initial delivery by a postman, refuse to sign for delivery at that time and later refuse to claim the mail at the post office. The legend “ unclaimed ”, stamped by the postal authorities on registered mail returned to a sender, does not necessarily exclude the possibility that such defendant somehow knew that the contents of the envelope might be a legal noticel 11 [T]he full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. * * * Whatever mistakes of law may underlie the judgment * * it is ‘ conclusive as to all the media concludendi.’” (Milliken v. Meyer, supra, p. 462.)
For the reasons above stated, plaintiff’s motion for summary judgment for the relief demanded in the complaint is granted.