Jasen, J.
(dissenting). I believe it was error for the trial court to refuse to admit into evidence the autopsy results concerning the alcoholic content of the blood and urine found in the body of respondent Cook’s intestate.
After the accident, William Cook was removed from the scene of the accident by ambulance and was brought to the Albany Medical Center Hospital emergency room where he was pronounced dead. An autopsy was performed on his remains by a pathologist and a report was filed by him in the regular course of business with the Albany County Coroner, pursuant to section 677 of the County Law. As part of the autopsy, a chemical analysis of Cook’s blood and urine was included. The trial court refused to receive in evidence the results of the chemical analysis contained in the autopsy report. The Appellate Division held, and the majority in this court agree, that the last sentence of section 674 (subd. 3, par. [b]) of the County Law mandates exclusion of the autopsy report containing the results of the tests for alcohol. Since this holding is not mandated by the applicable statutes and is contrary to general principles dealing with relevant evidence, I must dissent.
Section 677 (subd. 2) of the County Law provides for an autopsy report to include all facts related to the cause of death. Section 677 (subd. 3, par. [a]) provides that such records shall be open to inspection by the District Attorney and may, upon proper application, be made available to the personal representative, spouse, next of kin of the deceased, or any person who may be affected in a civil or criminal action by the contents of such record, or any person having a substantial interest therein.
Case law had permitted introduction in evidence of such reports, including the results of quantitative tests for alcohol. (Hayes v.. City of New York, 23 A D 2d 832; Iovino v. Green Bus Lines, 277 App. Div. 1002.) These rulings were in accord with general principles favoring disclosure of relevant facts where, as here, there is no privilege. While section 674 (subd. 3, par. [b]) and section 677 (subd. 2) are at apparent loggerheads, established rules of statutory construction require that, in construing apparently conflicting statutory provisions, the court should undertake to harmonize the statutes and ascertain the overall legislative intent. (See, e.g., Levine v, Bornstein, *14 4 N Y 2d 241, 244; McDonnell v. McDonnell, 281 N. Y. 480.) If there be irreconcilable conflict between provisions, the court should seek out and preserve the paramount intention, even though this may lead to the rejection of some subordinate or secondary provision. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98, p. 224.)
The later statute (County Law, § 674, subd. 3, par. [b]) was enacted pursuant to highway safety standards related to alcohol promulgated by the National Highway Safety Bureau of the U. S. Department of Transportation (Memorandum of Senator John D. Caemmerer, N. Y. Legis. Annual, 1971, p. 438). The purpose, with limited exception, is to require the coroner “ to perform quantitative tests for alcohol on the body of every motor vehicle operator, passenger, or pedestrian, 18-years or older, who die [sic] within four hours of an accident ” (id.). In essence, the provision is intended to yield statistical data on alcohol-related highway deaths. No other purpose is disclosed for the last sentence, added by amendment to the original bill, purportedly excluding the use of the results of such tests as evidence.
The report of the coroner is primarily concerned with disclosing facts tending to show the cause or manner of death. If quantitative tests for alcohol are included in the report for this reason, then they should be subject to disclosure and use in evidence under section 677 in the same manner as other information in the report. If the results of such tests were not relevant to the cause of death, as they might not be in the case of death to a passenger or a pedestrian, then section 674 would control and the evidence would be excluded.
In my view, section 677 (subd. 3, par. [b]) expresses a broad legislative intention that autopsy and examination reports be made available to specified parties upon proper application. In accordance with that paramount intention, the results of quantitative tests for alcohol contained in the coroner’s report should be subject to disclosure and use in evidence under section 677 in the same manner as other relevant information in that report.
Accordingly, I would reverse the order of the Appellate Division and grant a new trial.
*15 Chief Judge Fuld and Judges Burke, Jones and Wachtler concur with Judge Gabrielli; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Breitel concurs.
Order affirmed, with costs.