Martin Evans, J.
Motions, numbered F1481 and F1482X of November 1,1973, are consolidated for disposition.
Cross motion by respondent for an order modifying the judgment to eliminate the requirement to pay alimony is denied. Respondent alleges and petitioner denies that she was and is conducting a homosexual relationship with another woman and that they conduct themselves as a married couple. He requests that this alleged relationship should be analogized as a marriage and that alimony should be eliminated pursuant to section 248 of the Domestic Relations Law. That section mandates termination of alimony upon proof that the wife remarried and permits elimination of alimony in the discretion of the court where the former wife is habitually living with another “ man ” and holds herself out as “ his ” wife although not married to such “man.” There is no allegation of a valid remarriage. The statute clearly refers to a relationship with a man. Assuming arguendo that respondent’s allegations are true, this section is not applicable.
Motion by petitioner for an order pursuant to section 49-b of the Personal Property Law directing a deduction from respondent’s remuneration for current alimony and for arrears of alimony is granted. So much of the motion seeking an order directing entry of a judgment for arrears is denied. The branch of the motion requesting a counsel fee for this application is granted. Respondent shall pay petitioner a counsel fee of $100 within 20 days after service of a copy of the order to be settled hereon with notice of entry. Respondent’s employer is directed to withhold at the rate of $40 per week from his remuneration and forward it monthly pursuant to section 49-b of the Personal Property Law. This withholding shall be reduced to $30 for the 82d week and further reduced thereafter to $20 per week. *929 This will liquidate the conceded arrears of $1,630 as of September 21,1973.
There is a conflict of authority whether arrears may be enforced pursuant to a wage attachment. In de Jongh v. de Jongh (13 Misc 2d 882). and Langus v. Langus (16 Misc 2d 648), the courts ruled that section 49-b could not be used to collect arrears claiming it was not authorized or was not intended to be used for such purposes. Payment of arrears through use of the section was approved in “Doe” v. “Doe” (37 Misc 2d 788) and Nicoletti v. Nicoletti (N. Y. L. J., Nov. 5, 1973, p. 20, col. 5). No authority has been cited for any of these decisions other than the statute itself.
The applicable portion of subdivision 1 of section 49-b states “ When a person is ordered by a court of record * * * to pay for the support of his minor children and/or spouse under proceedings to establish paternity * * * or matrimonial proceedings; the court may order his employer to deduct from such employee’s wages,.salary and/or commissions such amounts as the court may find to be necessary to comply with its order for the support of the employee’s minor children and/or his or her spouse.” As found in Kenney v. Kenney (28 Misc 2d 652) there is no necessity for such an order where the husband or former husband is making current payments. This avoids the embarrassment which is likely to accompany such an order. If the section would not ordinarily be applied where there are unpaid arrears, its utility to direct compliance with the court order is unnecessarily limited if it cannot be utilized to enforce arrears. The language of the section relates to compliance with the court order and does not restrict itself to prospective payments. In most cases the wages, salary and/or commissions of the employee constitute the only substantial item of his income. Support was determined by the court after considering that income. The discretion given in section 49-b to determine the amount to be deducted as is necessary to comply with-the orders in the vast majority of the cases which are brought in the Supreme Court and Family Court would be meaningless if it did not include enforcement of arrears.
Subsequent to the de Jongh and the Langus cases, section 244 of the Domestic Delations Law was amended. That section permits entry of a judgment for arrears in addition tó any other remedy specifically referring to section 49-b of the Personal Property Law. That amendment is a clear indication of legislative intent that section 49-b maybe utilized for the enforcement of arrears. *930 This is a special proceeding (CPLR art.