OPINION OF THE COURT
Albert H. Buschmann, J.
By order to show cause dated February 8, 1979 the defendant moves for an order relieving defendant from a default judgment entered against him November 21, 1978. This judgment awarded plaintiff a payroll deduction order pursuant to section 49-b of the Personal Property Law of $160 per month, $5,275 money judgment representing arrears, and counsel fees of $250. Defendant seeks to vacate the default, to vacate the money judgment entered against him, and to set aside the awarded counsel fees. Defendant further seeks to cancel any arrears owing to plaintiff, and to modify existing New York support orders to conform at the level of support presently standing in the State of Arizona. Plaintiff cross-moves for a money judgment, plus counsel fees attributable to this action.
Plaintiff and defendant, lawfully married in this State on April 15, 1961, were divorced by a judgment dated July 22, 1974. Support provisions found in the parties’ separation agreement of November 13, 1973 were incorporated into the divorce order. Defendant was to pay $200 biweekly in alimony and support. This was modified to $175 biweekly on October 26, 1976 in Suffolk County. In July of 1977 plaintiff instituted proceedings pursuant to the Uniform Support of Dependents Law, article 3-A of the Domestic Relations Law of New York in Family Court in Queens County. This proceeding generated an order in Superior Court of Maricopa County, Arizona, where the defendant now resides. This order required defendant to pay $160 per month representing child support. Defendant failed to make these payments. As a result, plaintiff, by order to show cause dated September 28, 1978 applied to this court for an order pursuant to section 49-b of the Personal Property Law deducting $160 per month directly from defendant’s salary, and a money judgment in the amount of $5,275 representing arrears. The court authorized service by certified mail, return receipt requested, pursuant to section 244 of the Domestic Relations Law and CPLR 2214. Defendant received the mailing but refused to accept it, believing it to be nothing more than "harassment” by plaintiff and her attorneys. Defendant defaulted and judgment was entered.
*681 Defendant contends that the method of service provided for in the underlying order to show cause was improper and insufficient, and, therefore, the court lacked jurisdiction to grant the default judgment. Plaintiff contends that the court had jurisdiction over the defendant and that the method of service as directed by the court was proper.
The method of service used was directed by the court because of the nature of the action. Issuance of an order to show cause permits the court to direct the manner in which notice will be served. Language such as that found in section 244 of the Domestic Relations Law to the effect that notice shall be made in the manner directed by the court, in fact, implicitly requires the use of a show cause order (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:25, p 89; Fishbach v Fishbach, 4 Misc 2d 760; 11B, Weinstein-Korn-Miller, NY Civ Prac, § 42.07, subd [1]).
Since plaintiff did not know defendant’s home address and only had his post-office box address and defendant received the notice but refused to accept it, the court finds that service was proper upon the defendant.
Under section 244 of the Domestic Relations Law, the court may, in its discretion and upon the default by an obligated spouse, direct the entry of judgment for the amount of due arrears. This remedy is merely another means for the effective enforcement of the provisions of support agreements. Hence, no additional personal service of original process is required. Entry of a money judgment does not contemplate rendition of a new judgment; rather it is part of or incidental to the old judgment. (Ageloff v Ageloff, 207 Misc 804; Durlacher v Durlacher, 173 Misc 329.) Section 244 of the Domestic Relations Law is not substantive but establishes procedural methods to enforce payment of alimony and support mandated under section 236 of the Domestic Relations Law. (Voss v Voss, 54 AD2d 1032.)
Hence, personal service of the notice is not required (Ageloff v Ageloff, supra). In the court’s opinion, such service as was accomplished here meets the notice requirements of due process. (Griffin v Griffin, 327 US 220.)
The same is true for an action under section 49-b of the Personal Property Law. In proceeding under section 49-b, no additional personal service of the original process is necessary. Section 49-b also provides another means for effective enforcement of the provisions of the divorce decree. Proceedings *682 under section 49-b are part of or incidental to the initial judgment in the matrimonial action. (De Jongh v De Jongh, 13 Misc 2d 882.)
The remedy available in section 49-b is in addition to, and not exclusive of, that available in section 244 of the Domestic Relations Law. (Domestic Relations Law, § 244; 11B Weinstein-Korn-Miller, NY Civ Prac, § 42.07.)
In light of the express statutory authority of section 49-b of the Personal Property Law and section 244 of the Domestic Relations Law and the nature of the action, the court had jurisdiction to grant a default judgment on November 21, 1978. Consequently, defendant’s motion to. vacate is denied.
Even if the court should grant defendant’s motion to vacate the wage garnishment and proceed to consider plaintiffs application again, it would grant plaintiff the relief it seeks. Defendant’s record of payment is atrocious. Equitable relief including wage deduction orders in the form of an order enforcing a judgment of divorce is addressed to the discretion of the court. (Thaw v Thaw, 89 Misc 2d 18.) The court feels that under all the circumstances before it, that the wage punishment should be granted.
Defendant’s next contention is that plaintiff failed to provide the requisite 15-day notice to defendant before serving his employer. The court finds this argument without merit in that the 15-day requirement did not become effective until January 1, 1979, subsequent to the wage garnishing in this case.
Defendant seeks a downward modification of support payments. There are two minor children involved, Christine, who is 15 and Joanne, who is 11. Defendant now earns $23,000 per year and the plaintiff $9,000. In any application to increase or decrease support payments, the prime consideration must always be the best interests of the child. (Riposo v Riposo, 60 AD2d 790.) Each case must stand on its own facts and circumstances.
Neither party has offered sufficient evidence that would justify disturbing the current rate of support, $160 per month. (See Buchman v Buchman, 61 AD2d 973.) Since the order pursuant to section 49-b of the Personal Property Law is valid, the court directs that defendant pay all future payments through the payroll deductions. However, defendant must also pay an additional $15 per month to plaintiff by separate check or money order until the orthodonture bill is made up in full.
*683 The next issue the court considers is the question of arrears. Plaintiff has proved by preponderance of the evidence that she is entitled to a judgment in the amount of $5,275 representing arrears from October 26, 1976 to September 30, 1978.
Defendant has failed to offer any proof which could substantiate his claim of payment or the inaccuracy of the Family Court records placed in evidence. The court naturally does give defendant credit for those payments made up to the point of this hearing for which he has offered sufficient proof.
Since plaintiff is making approximately $9,000 and defendant is making approximately $23,000, defendant is directed to pay one half of plaintiff’s counsel fees or the amount of $1,250 within 60 days after a copy of this order.