■    In the Matter of LUZ N., Appellant, v LUIS R., Respondent.—In a paternity proceeding, the appeal is from an order of the Family Court, Kings County, dated January 17, 1980 which determined that the respondent was the father of the child born to Luz N. and ordered him to pay $25 per week towards the child's support. Order modified, on the law, by adding a provision that there shall be an income deduction order. As so modified order affirmed, without costs or disbursements, and the matter is remanded to the Family Court for further proceedings consistent herewith. On January 17, 1980, respondent, on his own admission, was declared by the Family Court to be the father of a male child, born out of wedlock on September 28, 1978, and currently receiving public assistance. Respondent was directed to pay $25 per week in child support to the Commissioner of Social Services of the City of New York as reimbursement for the public assistance payments made on behalf of the child. Petitioner then requested that an income deduction order be included in the support order pursuant to section 49-b (subd 1, par [b]) of the Personal Property Law. The Family Court denied the request, stating that it was not required by statute to include such an order at that time. Settled rules of statutory construction (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 76, 94, 171, 177), as well as the legislative history of the 1978 amendment of section 49-b (subd 1, par [b]) of the Personal Property Law (L 1978, ch 456, § 17; see, also, Memorandum of State Executive Department, McKinney's Session Laws of N. Y., 1978, p 1723), render this provision capable of but one definite and intelligible interpretation. When an order of support directs that payments be made to a local social services support collection unit, a court, "at the time such order of support is made, *shall"* (emphasis added) issue an income deduction order pursuant to this section (Personal Property Law, § 49-b, subd 1, par [b]). The language of the statute is clear and unambiguous in expressing the legislative intent that this provision be construed as mandatory, leaving no discretion in a court to determine whether such income deduction order is warranted (see *Matter of Commissioner of Social Servs. of City of N. Y. v Roberto G.,* 72 AD2d 9). Accordingly, the Family Court erred in interpreting the statute as granting it discretion to issue an income deduction order when entering an order of support directing that payments be made to a support collection unit. Petitioner's request for such an order was improperly denied, and, for that reason, a modification and remand is required so that an income deduction order be issued in accordance with section 49-b

(subd 1, par [b]) of the Personal Property Law. Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.