OPINION OF THE COURT
Jeffry H. Gallet, J.
THE FACTS
On March 13, 1979, this court (Marmarellis, J.), entered an order of filiation and support requiring the respondent to pay the Commissioner of Social Services, as assignee of the mother of his minor daughter, child support of $15 a week. On June 9, 1983, I set arrears under that order at $3,022.50, roughly three quarters of the aggregate *993 amount due under the order. The respondent gave no satisfactory explanation for his default in payment and the commissioner offered none for his delay in enforcement of the order.
The commissioner demands the dual relief of a periodic income deduction order for the amount of the original order of support together with an amount to be set by the court to reduce the arrears (Personal Property Law, § 49-b) and a money judgment for the amount of the arrears (Family Ct Act, § 460). The commissioner takes the position that the two sections are not mutually exclusive. He argues that the court has no discretion in this matter and is required to grant the relief demanded. In support of his position, the commissioner relies on Lo Cascio v Lo Cascio (101 Misc 2d 679) and the 1980 amendments to the afore-mentioned statutes which appear to mandate the relief set forth in each of those sections, (L 1980, chs 645, 647.) Section 49-b of the Personal Property Law and section 460 of the Family Court Act make no reference to each other.
CONSTITUTIONALITY
The question of the constitutionality of the relief requested was not an issue raised before the court and the Attorney-General was not notified of this proceeding. (CPLR 1012, subd [b].) The court is obligated to avoid constitutional questions and to sustain an existing statute where a reasonable presumption supports such a position. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) In the instant case, the court has no doubt that the granting of either of the reliefs separately is proper and would not raise constitutional issues.
QUESTIONS
The following questions have been raised:
(1) are the two reliefs requested mutually exclusive; and
(2) does the court have the discretion to choose between these remedies or, upon finding a default of an order of support, must the court automatically grant an order for a periodic payment of arrears by income deduction as well as a money judgment for the entire amount of the arrears?
THE LAW
The court finds, under the facts of this case, that an income deduction order for an amount, to be determined *994 after hearing, which will include periodic payment to reduce the accumulated arrears, must be granted. (Personal Property Law, § 49-b, subd 1, par [a]; Matter of Luz N., 76 AD2d 888.) Only the money judgment is in question.
In 1980, the Legislature deleted the discretionary language of section 460 of the Family Court Act which provides for the entry of money judgment in support arrears cases, and substituted mandatory language (L 1980, ch 645). A reading of that statute alone would lead one to believe that the court has no discretion in its application. However, in 1982, the Legislature amended section 454 of the Family Court Act which lists the powers of the Family Court in support arrears cases, to add the relief authorized by section 460 (Family Ct Act, § 460, subd 1, par [e]; L 1982, ch 654, § 1). Subdivision 2 of section 454 states: “The court in its discretion may use any or all of the powers conferred by this section.” (Emphasis supplied.) Reviewing the chronology of the amendments, the court can only conclude that the Legislature intended to restore to the court discretion in granting money judgments in cases such as the one at bar.
Although similar issues are raised in hundreds of support proceedings in the Family Court each week, there is a surprising dearth of authority on the question of the dual application of income deduction orders and money judgments. Neither the court’s research nor the commissioner’s memorandum of law disclose any case dealing with the subject other than Lo Cascio v Lo Cascio (supra). In Lo Cascio, the Supreme Court found that section 244 of the Domestic Relations Law, the analogue of section 460 of the Family Court Act, and section 49-b of the Personal Property Law were not mutually exclusive. I must disagree, at least in part.
It is the court’s mandate under section 49-b of the Personal Property Law and article 4 of the Family Court Act to fashion a “fair and reasonable” support order which equitably provides for the support of a respondent’s dependents and the payment of accumulated arrears, while not placing the respondent in a position where it is impossible *995 to meet his or her financial burden. (Family Ct Act, §§ 412, 413, 415.) In doing so, the court considers the respondent’s earnings, sometimes from more than one job, and his or her assets. Where, as it frequently does, the support order reaches the limit of the respondent’s ability to pay support, the result of executing a judgment, either as a garnishment on his or her primary or secondary income or by the taking of assets such as an automobile or a residence, would be to upset the delicate financial balance which a court, after a hearing, established in its support order. In such cases, the relief provided for in section 49-b would be inconsistent with the relief provided for in section 460.
DECISION
The Legislature provided for such a situation in its 1982 amendment to section 454 of the Family Court Act which gave the court discretion in granting judgments under section 460. In this case, the exercise of that discretion is appropriate and the application for a money judgment is denied, without prejudice to the commissioner’s right to apply for a money judgment in the future, in the event a change in circumstances warrants such relief.