OPINION OF THE COURT
Michael A. Ambrosio, J.
This case raises a continuing dispute between the Commissioner of Social Services and the Judges of Family Court concerning the requirements of section 49-b (subd 1, par [b]) of the Personal Property Law. The Commissioner is charged with the duty of securing the financial contribution of persons whose spouses and children are recipients of public assistance. In furtherance of this duty, the Commissioner sued Thomas M. to contribute to the support of his wife and four children. Following a hearing, the hearing examiner recommended support in the amount of $128.76 per week. The parties waived their right to object and the court now enters a support order in that amount.
The hearing examiner recommended that an income deduction order be entered upon default of $386.28 (three weeks’ support). The parties did not object and the court will sign an appropriate income deduction order pursuant to section 49-b (subd 1, par [b]) of the Personal Property Law. The question presented by this case is what constitutes an appropriate order.
*557 The statute provides: “(b) When an order for support is made which orders that the payment be made to the support collection unit, the court, at the time such order of support is made, shall order the respondent’s employer, future employer, former employer, the auditor, comptroller, or disbursing officer of any pension fund, the state of New York or any political subdivision thereof, or the United States to deduct from all monies due or payable to such person, the entitlement to which is based upon remuneration for employment, past or present, such amounts as the court may find to be necessary to comply with its orders for the support of his or her children under the age of twenty-one, and/or his or her spouse and/or former spouse, provided however that any such order shall provide that no such deduction shall be made unless and until the support collection unit established by the appropriate social services district has determined that such person’s support payment arrears equal or exceed the total amount of monies payable in [making] a specified number of payments determined by the court in the support order and a copy of the income deduction order and determination has been served upon such person’s employer, future employer, former employer, the auditor, comptroller or disbursing officer of any pension fund, the state of New York or any political subdivision thereof, or the United States; and provided that such person shall be given notice of such determination at least fifteen days prior to service of such order and determination on such employer, future employer, former employer, the auditor, comptroller or disbursing officer of any pension fund, the state of New York or any political subdivision thereof, or the United States, and if such person pays all arrearages within such fifteen day period, such order and determination shall not be served and no deduction shall be required by reason of such determination, but such payment shall not affect or otherwise limit any determination made as a result of any subsequent delinquencies. Such employer, future employer, former employer, the auditor, comptroller or disbursing officer of any pension fund, the state of New York or any political subdivision thereof, or the United States shall deduct the amount as ordered from the monies due or payable and forward it monthly as directed in the order.”
*558 The legislative history of this law (L 1978, ch 456) indicates that the Legislature intended to expedite the procedure for entry of an income deduction order when a respondent is in default on his obligation to the Department of Social Services, The court applauds the Legislature’s salutary effort to protect the public purse.
Initially, Judges of the Family Court were reluctant to sign contingent income deduction orders simultaneously with the signing of the support order. It was believed to be anomalous to sign an income deduction order, which is premised upon a default, when no default has yet occurred. This, however, is what the statutory language requires and the appellate courts have rejected constitutional attacks on the provision. (Matter of Commissioner of Social Servs. v Roberto G., 72 AD2d 9; Matter of Luz N. v LuisR., 76 AD2d 888.)
It is now clear that the Family Court Judge must sign an appropriate contingent income deduction order when the support order is signed. In the instant case, the Department of Social Services has submitted an order for signature. The court, however, declines to sign the proposed order on the ground that it fails to recite the appropriate statutory language. The statute states that the income deduction order is contingent upon the occurrence of several events. First, the respondent has been found by the Commissioner to be in arrears in the amount fixed by the court. Second, the Commissioner has notified respondent of the default. Third, the respondent has failed to pay the arrears. The Appellate Division in Matter of Commissioner of Social Servs. v Roberto G. (supra, at p 14) held that the statute, although silent, confers upon the respondent the right to contest the arrears. Moreover, the court went on to suggest to the Family Court that a procedure be adopted by this court which would “insure that the deduction order is not served by the social service agency while a proceeding for modification is being processed in the Family Court” {supra, p 14).
Following the direction of the statute and the Appellate Division, this court must insist that any income deduction order submitted for signature contain the statements required by statute and judicial decisions. Since the order
*559 submitted to the court for signature fails to state in any manner that the respondent has been notified of the default and has failed, within 15 days to either cure or contest the default, the order will not be signed. Upon submission of an appropriately phrased income deduction order, this court will sign it. However, in order to insure, as directed in Matter of Commissioner of Social Servs. v Roberto G., that the order is not served while a proceeding for modification is pending in this court, the court directs that the income deduction order not be released from its file until the Department of Social Services files with the clerk of this court, an affidavit which recites that the default has occurred, that the respondent has been notified, that 15 days have elapsed and that the respondent has neither cured nor brought a proceeding to contest the default.
Upon the filing of the aforesaid affidavit, the clerk of the court shall automatically release the income deduction order to the petitioner without further proceedings before the court.