COUNTY TRUST COMPANY, Plaintiff, *v.* THEODORE DUERR et al., Defendants.

Supreme Court, Westchester County, December 13, 1966.

*Danyko & Boera* for Theodore Duerr, defendant. *Henry Siegler* for plaintiff.

ELBERT T. GALLAGHER, J. This is a motion by defendants, judgment debtors, for an order pursuant to CPLR 5231 (subd. [g]) vacating or modifying an income execution signed by this court.

Section 5231 (subd. [b]) CPLR establishes a minimum amount of $30 per week which the judgment debtor must receive before an income execution of '' not more than ten percent '' can issue. The statute is silent as far as description of the nature of that minimum amount is concerned, but it would appear a reasonable interpretation that at the least the amount be the debtor's net income or '' take-home pay '', that is, the amount the debtor receives after deductions for taxes and social security. Indeed consideration of judgment debtor's other obligations, particularly those such as Family Court orders of support, would not seem unwarranted. (Cf. *First Westchester Nat. Bank* v. *Lewis,* 42 Misc 2d 1007.) On the other hand the rights of the judgment debtor must not be overlooked, and not all of debtor's claimed '' obligations '' can be deducted to arrive at his net income for execution.

Defendant Theodore Duerr's take-home salary is $104 per week, and he is directed by order of the Family Court to pay $55 per week for support plus the amount for food for his wife and two children. The amount for food per week comes to $25. In view of these obligations the income execution should be and hereby is reduced to 5% of the defendant's take-home pay of $104. Motion granted to the extent indicated in the foregoing decision.