Joseph F. Falco, J.
This is a motion brought on by a show cause order dated April 25, 1972, for an order restraining the defendant’s employer from withholding 10% of defendant’s income pursuant to an income execution duly filed and to remit to the defendant all sums already withheld under the income execution.
On May 20, 1970, the Family Court of Onondaga County granted a payroll deduction order in favor of the defendant’s wife in the sum of $30 per week. The defendant’s employer .has been withholding this sum weekly since that date.
On March 3, 1972, an income execution was levied on the defendant’s income and the defendant’s employer has been withholding 10% of the defendant’s gross earnings pursuant to said income execution.
It is defendant’s contention that pursuant to section 49-b of the Personal Property Law, the post income execution ought not to be enforced contemporaneously from the defendant’s gross ■earnings.
Section 49-b of the Personal Property Law in no uncertain terms .states that an order of support — ‘ takes priority over any other assignment or garnishment of wages, salary and/or commissions ” (italics supplied). The key word to the legislative intent is the word priority (the quality or condition of being before; first, precedence in time, or order of importance; preferred). The word itself implies that there may be a second, or a third, the law just decrees that whatever has priority comes first. Ip essence the law is saying a legal obligation (support *909 of spouse and children) must come before a legal claim (payment of indebtedness incurred) no matter when either is filed with an employer. There is nothing in the language of the law to denote exclusiveness.
In Costa v. Chevrolet-Tonawanda Division of Gen. Motors Corp. (53 Misc 2d 252 [City Ct. of Buffalo, 1963], affd. 24 A D 2d 732 [4th Dept. 1965]), the court held that both a Family, Court support order and an income execution must be paid simultaneously. The court pointed out the fact that since a section 49-b order is one for sup/ort, it constitutes an obligation which the defendant would be liable for in any event. The income execution issued by an ordinary judgment creditor is available against only 10% of a debtor’s income to reflect the Legislature’s intent in CPLR 5205 (subd. [e], par. 2) to keep 90% of that income available for the needs of the debtor and his family. The section 49-b order which is directed to support, is an obligation which the debtor would presumably have to pay out of the exempted 90% of his income, for which reason the remaining 10% can ánd should, consistent with legislative intent, be kept available for ordinary judgment creditors.
The Fourth Judicial Department has affirmed without opinion Loan-Serv. Corp. v. Bridgeport Lbr. Co. (27 Misc 2d 938 [Supreme Ct., Onondaga County, 1961], affd. 14 A D 2d 827 [4th Dept., 1961]), on similar facts. The Loan-8erv. case held that to exclude all other garnishees while an order pursuant to section 49-b is in effect would render the employee’s wages immune from garnishees of .judgment creditors for possibly years, or at least for an indeterminate time. See, also, Manufacturers & Traders Trust Co. v. Village of Forestville (57 Misc 2d 973 [Sup. Ct., Erie County, 1968]), for a holding that allows simultaneous deductions from income.
There are a number of cases in other Judicial Departments in this State that hold a contrary view, notably Beahm v. Beahm (47 Misc 2d 900 [Family Ct., City of New York, 1965]). However, even in that case the court held that even though a section 49-b order by the Family Court suspends the CPLR 5231 income execution, a judgment creditor may take affirmative action to reinstate the income execution and then the order of support and income execution may be paid simultaneously. This would tend to negate the idea that section 49-b support order was exclusive^ In any event, this court must follow the ruling in the Costa case (53 Misc 2d 252, affd. 24 A D 2d 732, supra) —“ The binding force of a judicial construction *. * * depends upon the court by which it was rendered and the rank of the tribunal *910 in the judicial hierarchy. Thus the decisions of the" Court of Appeals are binding upon the Appellate Division; those of the Appellate Division on the Supremo Court; and so on down from the superior to the inferior judicátories ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 72, p. ,143).
Alternatively the defendant argues that if the 10% income execution is allowed ás a simultaneous deduction, it should only be allowed to the extent of 10% over the excess of net earnings of $85 per week. The defendant contends such formula was used in County Trust Co. v. Duerr (52 Misc 2d 411 [Supreme Ct., Westchester County, 1966]). I believe the law in New York State rg consistent with the holding in County Trust Co. v. Berg (65 Misc 2d 533 [Sup. Ct., Kings County, 1971]) where the Duerr case is distinguished in that it involved a motion .to modify an income execution rather than as an application to vacate. The court in Duerr, under CPLR 5231 (subd. [g]), is permitted in the interest of justice and in its discretion, to reduce an income execution where there would be extreme hardship taking into consideration the debtor’s requirements, his dependents, take-home pay, and other relevant factors. An application to vacate does not permit the exercise of discretion (6 Weinstein-KornMiller, N. Y. Civ. Prac., pp. 52-566-52-57). .See, also, 6 Weinstein-Korn-Miller, N. Y. Civ. Praq,, pp. 52-537-52-538 where authors in discussing CPLR 5231 (stíbd. [b]) state, “Since CPLR 5231 is designed to retain the prior practice by and large and there is no clear evidence of an intent to depart from former law in this particular respect, the computation probably should be made on the basis of the debtor ’é gross earnings. ’ ’
Accordingly, the motion of the defendant is in all respects - denied.