POUNDAGE FEES — CHILD SUPPORT PAYMENTS The court clerk may not deduct court costs and poundage from the child support payment made to an obligee, woman or man, under the Uniform Reciprocal Enforcement of Support Act, 12 O.S. 1600.15 [12-1600.15] (1971). The Attorney General has had under consideration your request for an opinion in which you ask, in effect: May the court clerk deduct costs and poundage fees from child support payments under the Uniform Reciprocal Enforcement of Support Act, Title 12 O.S. 1600.15 [12-1600.15] (1971)? Title 12 O.S. 1600.15 [12-1600.15] (1971) provides: "An initiating court shall not require payment of either a filing fee or other costs from the obligee but may request the responding court to collect fees and costs from the obligor. A responding court shall not require payment of a filing fee or other costs from the obligee but it may direct that all fees and costs requested by the initiating court and incurred in this state when acting as a responding state, including fees for filing of pleadings, service of process, seizure of property, attorney's fees, where so ordered, stenographic or duplication service, or fees for other service supplied to the obligor, be paid in whole or in part by the obligor or by the state or a political subdivision thereof, if funds are legally available for such purpose. These costs or fees do not have priority over amounts due to the obligee." Section 12 O.S. 1600.3 [12-1600.3] of the Act defines terms used in the Act and subsections (f) and (g) provide: "(f) 'Obligee' means a person including a state or political subdivision to whom a duty of support is owed or a person including a state or political subdivision that has commenced a proceeding or enforcement of an alleged duty of support or for registration of a support order. It is immaterial if the person to whom a duty of support is owed is a recipient of public assistance. "(g) 'Obligor' means any person owing a duty of support or against whom a proceeding for the enforcement of a duty of support or registration of a support order is commenced." Inasmuch as Section 1600.15 does not allow the Court to assess fees or costs to the obligee in the action, it is apparent that your inquiry relates to those cases where the Court has ordered the obligor to pay the costs. Your letter makes reference to the current practice by the court clerks of deducting court costs and poundage fees from the child support payment before it is transmitted to the obligee. This practice has been permitted by Attorney General's Opinion No. 63-258 and by Attorney General's Opinions dated December 17, 1936 and March 14, 1935. Opinion No. 63-258 stated: "Although the clerk should not charge and collect the poundage fee from the obligee, it does not necessarily follow that the clerk should not apply any payment first to costs before remitting the balance to the obligee. "It is, therefore, the opinion of the Attorney General that the court clerk should first apply any payments received by him under the act to the payment of any costs, or proportionate part thereof, then due in excess of any cost bond or deposit. . . . The one percent poundage fee provided in 28 O.S. 31 [28-31] (1961), is included in such costs. The obligor is not thereby relieved of the obligation to pay such costs, but the payment would be deficient to the extent that it is less than the total of the payment and any costs then due." (Emphasis the Opinion's) The statute on fees of court clerks is 28 O.S. 31 [28-31] (1971). As was stated in Opinion No. 63-258, Section 31 is a general statute which requires the court clerk to charge and collect the fees enumerated therein except as otherwise provided by law. Therefore, the statute, by its own terms, would be superseded by any special statute to the extent that such special statute is in conflict therewith. The Uniform Reciprocal Enforcement of Support Act of 1953, hereinafter called "the Act" was amended substantially in 1961 and again in 1969. The Act is a special act in relation to Section 31 to the extent that it makes provisions for costs and fees in conflict with Section 31 and supersedes Section 31 to that extent. The issue to be determined herein is whether the deductions from the recipient's child support payments, authorized by Opinion No. 63-258, can continue to be made in light of the 1969 amendment to Section 1600.15. From a reading of this Section, it is apparent that the Legislature has not sanctioned such deductions. The 1969 amendment provides that the responding state's court may direct that all fees and costs "including" certain fees enumerated therein shall be paid in whole or in part by the obligor or by appropriate governmental agency if funds are available for such purpose. The statute concludes, " . . . These costs or fees do not have priority over amounts due to the obligee." (Emphasis added) Though the word "including" has been viewed both as a word of enlargement and as a word of limitation, Application of Central Airlines, 185 P.2d 919
(Okl. 1947), it is fundamental that the purpose of statutory interpretation is to reach the true intent and meaning of the Legislature. The Legislature is presumed not to have intended an absurd result. Becknell v. State Industrial Court, 512 P.2d 1180 (Okl. 1973); City of Tahlequah v. Franklin, 200 P.2d 417 (Okl. 1948). Therefore, the enumeration of certain fees and costs in the second sentence of Section 1600.15 does not restrict the preceding term "all fees and costs" contained in the same sentence. As a consequence, all fees and costs are second in priority to amounts due the obligee who, as the statute makes clear, shall not be required to make payment of a filing fee or other costs. There can be little doubt about the meaning of the word "priority" as used in Section 1600.15. As was stated in Lincoln National Bank Trust Company of Central New York v. Colgan,337 N.Y.S.2d 412 (N.Y. 1972): "The key word to the legislative intent is the word 'priority' (the quality or condition of being before; first, precedence in time, or order of importance; preferred). The word itself implies that there may be a second, or a third, the law just decrees that whatever has priority comes first." It is clear that the one percent (1%) poundage fee is part of those costs and fees which do not have priority over amounts due to the obligee. In Martin v. Martin, 350 P.2d 270 (Okl. 1960), it was held that the one percent (1%) poundage fee is includable in the costs of the case and is chargeable to the party against whom the costs were taxed. To the extent that Attorney General's Opinion No. 63-258, and Opinions dated December 17, 1936 and March 14, 1935, permit the court clerk to first apply any payments received by him under the Act to the payment of any costs, or proportionate part thereof, including poundage fees, then due in excess of any cost bond or deposit, said Opinions are hereby overruled. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the court clerk may not deduct court costs and poundage from the child support payment made to an obligee, woman or man, under the Uniform Reciprocal Enforcement of Support Act, 12 O.S. 1600.15 [12-1600.15] (1971). (Larry Derryberry)