John H. Farnham, J.
Daniel D’Agostino is an employee of the defendant company. In August of 1958, the plaintiff loaned D’Agostino $500, which he agreed to repay in monthly installments. Contemporaneously with the lending of the money to D’Agostino by plaintiff, he executed a wage assignment apparently in proper legal fashion and form. Thereafter, he defaulted in repayment of the loan to plaintiff.
On October 7, 1960, plaintiff served defendant with a copy of the wage assignment, which defendant has refused to honor. The defendant’s basis for refusing to honor the assignment is that on or about April 18,1960, there was served upon defendant an order of Hon. Leo J. Yehle, Judge of Children’s Court, Onondaga County, wherein defendant was directed, pursuant to Wage Deductions of Support Payments Law (Personal Property Law, § 49-b) to withhold and deduct from the wages of D’Agostino for the support of his minor children the sum of $85 per week. The order further provided that in accord with section 49-b, the same would take priority over any other assignment of wages. Judge Yehle’s order further stated that in his interpretation said law excluded any other garnishment. The defendant has honored said Children’s Court order.
Following defendant’s refusal to honor plaintiff’s wage assign ment, plaintiff brought suit against defendant for in effect 10% of D’Agostino’s wages since the date said assignment had been served on the defendant.
The issue is squarely presented as to whether section 684 of the Civil Practice Act which permits only one garnishment at a time must fall before the import of section 49-b of the Personal Property Law, or to state the problem in another manner: Is an order pursuant to section 49-b of the Personal Property Law to prevail indefinitely against all other garnishee executions as referred to in section 684 of the Civil Practice Act, or as in this case a prior bona fide wage assignment?
*939 This court does not believe such to be the case and agrees with the Attorney-General of the State of New York that deductions, pursuant to section 49-b of the Personal Property Law and regular wage garnishments can be made simultaneously (1959 Atty. Gen. 103).
To exclude all other garnishees while an order, pursuant to section 49-b of the Personal Property Law is in effect, would render the employee’s wages immune from garnishees of judgment creditors for possibly years or at least for an indeterminate period. Such a situation also very possibly could result in collusion between spouses as the Attorney-General pointed out in the cited opinion.
The court is aware that allowing two salary deductions will leave D’Agostino precious little net salary. However, D’Agostino himself is solely responsible for the unfortunate plight in which he finds himself, and the situation is partly at least, if not entirely, of D’Agostino’s own making.
The motion for summary judgment by plaintiff is granted and defendant’s motion is denied, with $10 motion costs to plaintiff.