Joseph J. Sedita, J.
This is a motion by defendant for summary judgment dismissing plaintiff’s complaint.
Pursuant to a Buffalo City Court order based on section 49-b of the Personal Property Law, the General Motors Corporation was directed to deduct from the salary of one Selvin Lemon, the sum of $50 per week which was earmarked for the support of his spouse Lucille Lemon. Subsequent thereto, the said corporation was served with a garnishee execution against the wages of said Selvin Lemon.
It is the contention of the moving party that only one order of deductions can be honored at a time. Accordingly the corporation seeks a dismissal of plaintiff’s complaint for sums due pursuant to the garnishee execution.
The question has come up on at least two occasions. In Feder v. Skyway Container Corp. (218 N. Y. S. 2d 362) the court upheld the contention of the moving party herein. This was an *253 Appellate Term, Second Department, case. In this case there was a dissenting opinion. In Loan Serv. Corp. v. Bridgeport Lbr. Co. (27 Misc 2d 938, affd. 14 A D 2d 827 [4th Dept.]) the court ruled that two payments may be deducted from wages at the same time. In this Loan Serv. Corp. case, one deduction related to support payments and the second deduction related to a wage assignment.
This court sees a distinction between the two claims. One claim arises from a legal obligation. The second claim arises from a legal claim.
Confessions of judgments, assignments of wages and garnishee executions fall within that category which this court characterizes as legal claims. They are claims against one’s wages for payments of indebtednesses incurred. On the other hand, the obligation to support one’s family does not arise from an indebtedness incurred. That obligation is incident to the marital relationship and all its ramifications. Besides being a legal obligation, it gives recognition to a moral obligation and the doctrine of public policy.
A further emphasis in the difference in character of these deductions is evident in the limitations applied. Assignments of wages and confessions of judgments and garnishee executions are dependent on the sum of money earned and the amount deductible may not exceed 10%. A support order is not restricted to a 10% deduction nor may the amount of money earned forestall its application.
This court is not unaware of that portion of section 49-b relating to priority. Nothing therein contained suggests only one form of deduction at a time. It merely recites that the support order must be satisfied before attention is given to a legal claim. Thus if the support order deduction leaves less than 10% of the employee’s wages remaining, it is the garnishee execution which must suffer.
The Legislature in its wisdom prohibited more than one garnishee execution being levied against a worker’s wages at one time for this would dissipate the money he required to support his family. Obviously, the intent was to isolate an appropriate portion of an individual’s pay earmarked for the feeding, clothing and housing of a family unit. But is it not tragic when an irresponsible wage earner, after having deducted 10% of his pay for a garnishee, dissipates tbe balance of his pay by drink and gambling.
Assume then that we have two individuals one responsible and one irresponsible, each with a take-home pay of $100. Each further, has one garnishee execution in effect against *254 Ms wages with the result that the take-home pay is reduced to $90. From this amount, the responsible individual gives to his wife the sum of $50 per week to meet the routine expenses of running a household. He now has remaining $40. The irresponsible individual has $90. Fifty dollars is channeled directly to Ms family for support before he has an opportunity to dissipate it. This person now has $40 remaining. Now, in what regard has the second individual been injured or prejudiced as compared to the first person? Obviously none. The requirement to support is both a legal and moral obligation which will be ever present. The end result in both examples is identical. The only difference is that support money is safeguarded by an intermediate step. True, this additional bookkeeping is annoying and burdensome to the employer, but like everyone of character the obligation and responsibility to encourage a stable community must be accepted graciously.
To rely on semantics does no credit to an orderly form of society. If one has a family he is obliged to support that family; if he incurs debts he should pay those debts. To do otherwise would merely permit unconscionable people to defeat the fabric of an ideal society. A simple exercise of logic begs the conclusion that the true intent of the law was to allow only one claim against wages to be liquidated at a time so that some funds might remain for support money. If the support money is further protected by a support order, then all that results is that the specific intent of the law is additionally assured. The sustenance of a family is more important than the creditor. But, to repeat, the deduction of support money does- not dissipate one’s wages. It simply guarantees the use of wages for the prime purpose intended.
This court is not too concerned with defendant’s arguments pertaining to the title of the action. The indexing of the lawsuit does not establish its validity. Nor should the employment of additional nomenclature to reach the proper destination be grounds to defeat plaintiff. The fact of the matter is the General Motors Corporation is the true defendant; the corporate name is contained in the title. TMs action has reached the attention of the proper parties and finally it appears that the words Chevrolet-Tonawanda Division were intended to locate a factory of the corporation and not as a specific name.
This court believes that the rule it must follow, and incidentally that which is more realistic and dissuades collusion, is that of the Loan Serv. case.
Accordingly, defendant’s motion for summary judgment dismissing plaintiff’s complaint, is denied.