■ RAYMOND E. WYSOCKI, an Infant, by BERNARD MAIDY, His Guardian ad Litem, Appellant, v. CHARLES W. PRIOR et al., Defendants, and WALTER WYSOCKI, as Administrator of the Estate of MARIE A. WYSOCKI, Deceased, Respondent.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: Defendant, Wysocki, as administrator, moved to dismiss the complaint upon the ground it failed to state a cause of action as to the estate. (CPLR 3211, subd. [a], par. 7.) The issue presented centers upon whether or not the infant was emancipated at the time of the accident. The amended complaint is silent on the subject and the several submitted affidavits are equally unrevealing except for an allegation on information and belief in an affidavit of plaintiff's attorney stating the age of the child to be 10 years. In deciding the appeal, we accept the fact (apparently assumed by the parties and Special Term) that immediately before the accident the infant was unemancipated and had a living father and mother. We find no merit to appellant's contention that the infant was automatically emancipated by the death of his mother either simultaneously with the occurrence of his injuries or shortly thereafter. Emancipation is concerned with the extinguishment of parental rights and duties as well as the removal of the disabilities of infancy. (15 N. Y. Jur., Domestic Relations, § 431.) Here, the evidence on the issue is not in conflict and only one inference may be drawn therefrom — that the infant had a living father, who states in an affidavit that he retained the infant's present attorney to prosecute this action. (Appeal from order of Erie Special Term dismissing the complaint for failure to state a cause of action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ PETER L. COSTA, Respondent, v. CHEVROLET-TONAWANDA DIVISION OF GENERAL MOTORS CORPORATION, Appellant.— Order unanimously affirmed, with costs. (See Loan-Service Corp. v. Bridgeport Lbr. Co., 27 Misc 2d 938, affd. 14 A D 2d 827.) (Appeal from an order of Erie County Court affirming an order of City Court of Buffalo which denied defendant's motion for summary judgment dismissing the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME GLENN, Appellant.— Upon reargument, determination of this appeal withheld and case remitted to Monroe County Court for a hearing and determination of the question of the voluntariness of the defendant's confession in accordance with the procedures outlined in People v. Huntley (15 N Y 2d 72). (Reargument of appeal by defendant from judgment of Monroe County Court convicting defendant of burglary, first degree.) Present — Williams, P. J., Goldman, Henry and Del Vecchio, JJ.