William J. Crangle, J.
A judgment creditor brings this special proceeding pursuant to CPLR 5231 (subd. [e]) against the employer of Edward J. Lloyd a judgment debtor against whom an income execution has been filed and who is also named as a respondent herein.
The petitioner’s judgment is in the amount of $3,010.13 with interest on.$718.91 at the rate of 1% per month from September 15,1966. The employer has made deductions from its employee’s earnings in compliance with the income execution and presently holds $198.29 which it refuses to pay to petitioner. The reason given for this refusal is that a family support order for payroll deduction against Edward J. Lloyd was served upon the employer prior to petitioner’s income execution. The family support order was issued by the Family Court of Washington County and directs the deduction of $15 per week from the employee’s wages which average in excess of $185 per week. The employer, referring to section 49-b of the Personal Property Law, takes the position that the family support order has priority in deduction and is exclusive. In other words the employer argues that during the time the family support order is in effect it cannot legally pay over any moneys on petitioner’s income execution without an order of the court.
Subdivision 2 of section 49-b of the Personal Property Law expressly states that a family support order takes priority over any other assignment or garnishment of wages. The section is a part of article 3-A which at subdivision 3 of section 48-a, relating to wage assignments, provides in substance that earn *811 ings shall not be withheld to satisfy a subsequent garnishment while a wage assignment is in force. A family support order is an involuntary wage assignment. As such it has the benefit of subdivision 3 of section 48-a so that when deductions are being made thereunder they are exclusive of any deductions under any other wage assignment or garnishment. (Feder v. Skyway Container Corp., 218 N. Y. S. 2d 362; Matter of Beahm v. Beahm, 47 Misc 2d 900.)
However subdivision 3 of section 48-a further provides: 11 but nothing contained herein shall exempt the earnings of a judgment debtor from the application of an order for installment payments to a judgment creditor ”. Article 52 of CPLR makes it possible for the court to direct deductions of amounts greater than 10% of a judgment debtor’s income. (CPLR 5205, subd. [e]; 5240.) I find that Edward J. Lloyd’s income is in excess of $185 per week and that after deducting the $15 per week ordered by the Family Court for the support of his dependents that $20 per week of the balance of his weekly income is unnecessary for the reasonable requirements of the judgment debtor and his family. It is therefore ordered that the amounts deducted from the employee’s earnings to the date of the entry of an order upon this decision be paid over by the employer to the warrant officer of the Department of Taxation and Finance of the State of New York and that thereafter the sum of $20 per week be deducted from the earnings of Edward J. Lloyd and paid over to the said warrant officer until the total amount of petitioner’s judgment and interest is paid in full.