Michael Catalano, J.
Petitioner moves for an order pursuant to CPLR 5231, directing judgment against respondent for failure to comply with an income execution against moneys payable to judgment debtor.
Petition alleges that on January 20,1967, petitioner recovered two judgments against judgment debtor; on January 25, 1967, an execution against judgment debtor’s income from respondent was issued to the Chautauqua County .Sheriff; on February 22, 1967, said Sheriff served the execution, on the judgment debtor levied, upon said income; that respondent deducted $17.39 from said income which was paid to said Sheriff, but refused to pay more; that from February 22,1967 to August 22,1968, judgment debtor earned over $30 weekly, a total of $4,376.10.
Respondent’s answer denies generally, except for its incorporation and said service on judgment debtor, then alleges for a first affirmative defense that on February 9, 1967, a Family Court order directed respondent to deduct $15 weekly from pay due judgment debtor, adding: ‘ ‘ While this payroll deduction order is in effect, no other wage assignment or garnishee execution shall be in effect for a second affirmative defense that petitioner knew in April, 1967, of said order and is guilty of laches in not proceeding against respondent, a “ municipality.”
CPLR 5231 (subd. [h]) provides, in part: “Two or more income executions issued against the same judgment debtor, specifying the same person from whom the money is received and delivered to the same or different enforcement officers shall be satisfied out of that money in the order in which the executions are delivered to an officer authorized to levy in the county, town or city in which the debtor resides ”.
The same may be levied upon a municipal corporation (CPLR 5231, subd. [f]).
Thus, if both orders for payment were income executions in this case, petitioner’s would have priority.
Subdivision 2 of section 49-b of the Personal Property Law provides, in part: “ an assignment of or an order for, wages or salary * * * to be paid for the support of the employee’s children * * * in compliance with an order of a court for the support of the employee’s minor children * * * takes priority over any other assignment or garnishment of wages, salary ”. Subdivision 3 of section 48-a provides, in part: “ noth *975 ing contained herein shall exempt the earnings of a judgment debtor from the application' of an order for installment payments to a judgment creditor.”
The Legislature, therefore, has given priority to children support orders over wage assignments and garnishments, but the question remains: May they be imposed on one employee’s wages concurrently?
In Matter of Beahm v. Beahm (47 Misc 2d 900) the Family Court of the City of New York wrote comprehensively upon the split of authority in the State of New York re section 49-b of the Personal Property Law, as to whether a payroll deduction order for children’s support is exclusive, or whether an employer may be directed to deduct concurrently for such children’s support and 10% of wages as garnishment.
The authority cited for the former rule was Feder v. Sky way Container Corp. (218 N. Y. S. 2d 362 [App. Term, 2d Dept.]). (See Matter of State Tax Comm. v. Delaware & Hudson R. R. Corp., 53 Misc 2d 809 [Sup. Ct., Schenectady County].)
The latter rule rests upon Loan Serv. Corp. v. Bridgeport Lbr. Co. (27 Misc 2d 938 [Sup. Ct., Onondaga County], affd. without opn. by App. Div., 4th Dept., 14 A D 2d 827); and Costa v. Chevrolet-Tonawanda, Division of Gen. Motors Corp. (53 Misc 2d 252 [City Ct. of Buffalo], affd. without opn. by App. Div., 4th Dept., 24 A D 2d 732).
“ The binding force of a judicial construction * * * depends upon the court by which it was rendered and the rank of the tribunal in the judicial hierarchy. Thus the decisions of the Court of Appeals are binding upon the Appellate Division ; those of the Appellate Division on the Supreme Court; and so on down from the superior to the inferior judicatories.” (McKinney’s Statutes, § 72, p. 108.)
A decision of an Appellate Term of one Judicial Department is not binding upon the Supreme Court in another Department which has decided to the contrary. (See N. Y. Const., art. VI, §§ 4, 6, 8.) Therefore, the rulings of the Appellate Term, Second Department, are persuasive but not binding upon Supreme Court, Erie County, but those of the Appellate Division, Fourth Department, are. In the latter Department, an employer may be directed to deduct concurrently from his employee’s wages a reasonable sum for children’s support and 10% thereof as garnishment.
Section 7 of article VT of the New York Constitution provides, in part: “ a. The supreme court shall have general original jurisdiction in law and equity and the appellate jurisdiction *976 herein provided * * * e. If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts.” (Adopted by the People Nov. 7, 1961, eff. Sept. 1, 1962.)
The Legislature cannot limit or abridge the general jurisdiction of the Supreme Court as conferred by the Constitution (People ex rel. Swift v. Luce, 204 N. Y. 478, 487; Busch Jewelry Co. v. United Retail Employees’ Union, 281 N. Y. 150, 156).
The establishment of the Family Court of the State of New York “ shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of this article.” (N. Y. Const., art. VI, § 13, subd. d, eff. Sept. 1, 1962.)
The Family Court may not limit or impair the jurisdiction of the Supreme Court by ordering, as here: ‘ ‘ "While this payroll deduction order is in effect, no other wage assignment or garnishee execution shall be in effect.” This quoted order is void as to the Supreme Court.
Of course, this is not an appeal from said Family Court order. Nevertheless, the latter is an unconstitutional attempt to extend the Family Court jurisdiction and to impinge upon the Supreme Court’s powers to do justice.
Here, respondent was confronted with the dilemma, to pay under the garnishment in contempt of the Family Court order, or, to refuse to pay under the garnishment in violation thereof. Respondent is innocent of any wrong.
Thus, motion is denied, except that respondent is directed to honor the income execution, collecting 10% of the judgment debtor’s income and forwarding it to the Sheriff of Chautauqua County, New York, starting upon the service of a copy of the order to be signed herein. This direction is to run concurrently with said Family Court payroll deduction order dated February 9, 1967, Docket No. F-23-67.