J. GI-eorge Follett, J.
The respondent’s employer, the Aluminum Company of America, moves to vacate so much of a payroll deduction order of this court as states as follows: ‘ ‘ This wage deduction order supersedes any wage assignment or garnishee presently in effect against the Respondent. As long as this wage deduction order exceeds 10% of the Respondent’s income, no other deduction may be made without the consent of the Respondent, or order of a court of competent jurisdiction.”
On April 7, 1969, the respondent was ordered to pay $30 per week toward the support of his three children resulting from his marriage with Eleanor Judware. On the same date a wage deduction order for the sum of $30 per week was entered and directed to be filed with his employer the Aluminum Company of America. On January 15,1970, a judgment in the sum of $938.26 including costs was granted to the First.National Bank of Waterloo, New York, against the respondent. On June 15, 1970, an income execution issued on that judgment was served upon the moving party, the Aluminum Company of America.
The respondent, who appeared by counsel on the return day of this motion, is still employed by the Aluminum Company of America. It appears that the petitioner and the respondent are still married although they have not lived together for some time. Furthermore, the respondent has acknowledged in writing the *796 paternity of five children by the woman with whom he is presently residing. He claims that he cannot afford any additional deduction from his income without jeopardizing the welfare of those five children. The respondent earns an hourly wage of $4.62. He currently has a gross weekly income of $198.75 with a net weekly income of $173.75. His gross income for 1971 was $9,416.89.
The Aluminum Company of America argues that it may be in contempt of the direction of this court if it honors the income execution served by the First National Bank of Waterloo. The issue presented is whether or not subdivision 2 of section 49-b of the Personal Property Law gives a wage deduction order for the support of dependents an exclusive priority over an income execution subsequently filed.
Holding that the priority is not exclusive is Loan Serv. Corp. v. Bridgeport Lbr. Co. (27 Misc 2d 938, affd. without opn. 14 A D 2d 827 [4th Dept.]; Costa v. Chevrolet-Tonawanda, Division of Gen. Motors Corp. (53 Misc 2d 252, affd. without opn. 24 A D 2d 732 [4th Dept.]); Southampton Hosp. Assn. v. Hampton Cablevision Corp. (64 Misc 2d 998 [App. Term, 2d Dept., 1970]); Manufacturers & Traders Trust Co. v. Village of Forestville (57 Misc 2d 973 [Sup. Ct., Erie County, 1968]); as well as two opinions of the Attorney-General (1959 Opns. Atty. Gen. 103; 1968 Atty. Gen. [Inf. Opns.] 118).
Holding that section 49-b does create an exclusive priority is Feder v. Shyway Container Corp. (218 N. Y. S. 2d 362 [App. Term, 2d Dept., 1961]); Matter of State Tax Comm. v. Delaware & Hudson R. R. Corp. (53 Misc 2d 809 [Sup. Ct., Schenectady County, 1967]); and Matter of Beahm v. Beahm (47 Misc 2d 900 [Family Ct., City of N. Y., 1965]).
All of the cases supporting concurrent deductions seem to rely on the reasoning advanced by the lower courts in the Loan Service case and the Costa ease. The principal reason advanced in the Loan Service case (27 Misc 2d 938, supra) is that an exclusive interpretation would render the employee’s wages immune from the execution of judgment creditors for an indeterminate period of time. This argument overlooks the creditors’ remedy of installment payment order under CPLR 5226 (formerly Civ. Prac. Act, § 793). Upon application the court may determine whether there is any portion of the debtor’s income left after the wage deduction order which should be made available for payment of the creditors’ judgment.
The reasoning of the lower court in the Costa case (53 Misc 2d 252, supra) overlooks the fact that the Legislature intended *797 to insure that not only the debtor’s family have a basic available income but also that the debtor himself be able to survive. The intent to protect the debtor as well as his family is specifically stated in CPLR 5205 (subd. [e]). The Family Court is continuously confronted with cases in which the court is unable to enter a sufficient wage deduction order to support a man’s dependents because the court must make allowance for the financial needs of the man himself as well as other dependents whom he is obligated to support. To make an additional allowance for an existing or anticipated income execution would only further reduce the amount which the court could allow in the support case. The result is that in most cases the burden carried by the community for supplemental public assistance is proportionately increased.
Furthermore, it is only if the wage deduction order is exclusive that the term priority has any meaning. If the priority is not exclusive, a judgment creditor will then receive his full 10% in every case unless the wage deduction order exceeds 90% of the wage earner’s income thereby leaving nothing for the wage earner himself. For all practical purposes, therefore, the concept of priority of deductions would be equated with simultaneous deductions, a doubtful legislative intent.
On the other hand the interpretation of legislative intent advanced in the Feder case (218 N. Y. S. 2d 362, supra) seems far more compelling even though the Appellate Term apparently reversed itself in the Southampton Hosp. case (64 Misc 2d 998, supra). Now, as then, the creditor has his remedy under CPLR 5226 (formerly Civ. Prac. Act, § 793), to seek an order for installment payment of his judgment. Also, the creditor can presumably proceed under CPLR 5240 and apply for an order authorizing an income execution simultaneous with the wage deduction order.
The only reported case in this department, Matter of State Tax Comm. v. Delaware & Hudson R. R. Corp. (53 Misc 2d 809, supra) follows the Feder case and the Beahm case. There the court allowed a payment in excess of the 10% normally allowed under an income execution by relying upon CPLR 5226. This remedy is available to the judgment creditor in the case at hand. Furthermore, it places the burden of moving forward appropriately on the judgment creditor rather than on the often uninformed and unrepresented judgment debtor.
For the foregoing reasons the motion is denied. The wage deduction order against the respondent’s wages stands as the exclusive deduction, except those deductions now or hereafter made mandatory by law and except those as may be authorized by a court of competent jurisdiction.