OPINION OF THE COURT
Burton S. Sherman, J.
In this proceeding under CPLR 5231 (subd [e]) for the enforcement of judgments, the petitioner, a judgment creditor, seeks to enter a judgment in the sum of $363.30 against the *754 respondent for its failure to honor an income execution against wages earned by one of respondent’s employees.
A judgment was obtained against the employee for $1,878.25 in May 11, 1977. The income execution was served upon the respondent in July, 1977, seeking to withhold $17.30 from the employee’s weekly wages. The employee’s gross salary at that time was $173 per week. However, there was a payroll deduction of $33 a week from his gross salary for family support and arrears pursuant to a Family Court order dated July, 1972.
The respondent, relying upon subdivision 2 of section 49-b of the Personal Property Law has refused to honor the income execution. That section states in part that "an order of a court for the support of the employee’s minor children or spouse takes priority over any other assignment or garnishment of wages.” Respondent, therefore, argues that the Family Court order has exclusive priority above all other judgment creditors and no other income execution need be honored while such order is outstanding. It finds support in this argument in two cases, Royal Business Fund Corp. v Rooster Plastic (53 Misc 2d 181) and Judware v Judware (71 Misc 2d 795). However, the greater weight of authority supports the conclusion that although a Family Court order has priority, it is not exclusive of other income executions (Loan Serv. Corp. v Bridgeport Lbr. Co., 27 Misc 2d 938, affd 14 AD2d 827; Costa v Chevrolet Tonawanda Div., 53 Misc 2d 252, aifd 24 AD2d 732; Southhampton Hosp. Assn. v Hampton Cablevision, 64 Misc 2d 998). This is in keeping with the plain meaning of subdivision 2 of section 49-b of the Personal Property Law which does not provide for exclusiveness of such priority.
In this action the income execution is for $17.30 weekly which is 10% of the employee’s gross salary and the maximum permissible levy under CPLR 5231 (subds [b], [e]). It appears also to be well within the maximum allowable garnishment provided by Federal law in subchapter II (§ 1673, subd [a]) of title 15 of the United States Code. The section provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week”. Subdivision (b) of section 1672 of title 15 of the United States Code defines disposable earnings as "that part of the earnings of and individual remaining after the deduction from those earnings of any *755 amounts required by law to be withheld.” Section 1677 of title 15 of the United States Code indicates that subchapter II shall take precedence over State laws which are in conflict with the foregoing. Since it appears that the 10% garnishment in this case is well within 25% of the employees disposable earnings, it is valid under State and Federal law.
Accordingly the motion is granted. The petitioner shall have judgment as prayed for. However, this disposition is without prejudice to the judgment debtor to make application for a reduction of the amount of the garnishment pursuant to CPLR 5231 (subd [g]) if he is so advised.