■ CHARLOTTE SULLIVAN, Respondent, v WILLIAM SULLIVAN, Appellant. —Appeal by the husband from an order of the Supreme Court, Orange County, entered July 15, 1977, which, after a hearing, granted petitioner's application for a wage deduction order pursuant to section 49-b of the Personal Property Law. Order reversed, on the law and the facts, without costs or disbursements, and application denied, without prejudice to the institution of a new proceeding pursuant to section 49-b of the Personal Property Law, should petitioner be so advised. On the record before us, it appears that the hearing court incorrectly assumed that the only issue before it was whether appellant had been delinquent in at least three payments of alimony and child support and, therefore, it gave inadequate consideration to the issue of whether appellant was able to make the payments in question (see Personal Property Law, § 49-b, subd 3, as it read prior to Jan. 1, 1978). The undisputed evidence revealed that appellant would be left with only $68.95 a week from his take-home pay if he had made the payments provided in the separation decree. Further, under the circumstances, and particularly because the prehearing papers before the court showed that the financial ability of the appellant to meet the payments was a most important issue, it was an improvident exercise of discretion for the court to have refused appellant's request for an adjournment to obtain counsel. A short adjournment peremptorily against the appellant would have been appropriate. Instead, the court incorrectly advised the appellant that only in a downward modification proceeding (then pending before the Family Court) was the issue of ability to pay relevant. We note that while appellant may have been remiss in failing to obtain

counsel prior to the hearing, which was held on the first date that the matter appeared on the calendar, the request for an adjournment should have been granted. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.