OPINION OF THE COURT
Edward J. McLaughlin, J.
The issue now before the court is one of great practical significance. How does the court compute the amount of a support order when a wage deduction order will issue pursuant to section 49-b of the Personal Property Law in a case where the respondent is also subject to a garnishment or an assignment of future earnings? The intermeshing of recent Federal legislation and changes in State law make this necessary computation, which the court is frequently called upon to make, an exercise in the interpretation of complex statutory law and evolving case law. This court finds that a court ordered wage deduction order for the support of a wife and/or children takes priority over a garnishment and over an assignment of wages. (Personal Property Law, § 49-b, subd 2.) The court further finds that when a wage deduction order for support takes up the allowable percentage of disposable income for a garnishment under the Federal law, the garnishment must fail. The court also finds that when a wage deduction order for support reduces the respondent’s disposable income to $85 (Personal Property Law, § 48-b), a competing assignment of future earnings is subject to reduction by the amount statutorily available for a wage deduction order for support.
FACTS
Petitioner originally filed a petition for support on Novem *307 ber 6, 1978. On November 22, 1978, respondent was ordered to pay petitioner $150 per week for the support of their minor children. Subsequently the order was modified downward and a wage deduction order for $100 was issued. Fifty dollars per week was "deferred” from the original order of $150 per week.
Petitioner states that she has needs of $150 per week for the support of four minor children[1] and requests that the original order of support be reinstated. Respondent states that he does not have sufficient financial ability to meet these needs. He further states that he has a garnishment on his wages of $25 per week and that, therefore, his disposable income available for support is only $100 per week.
At trial respondent put into evidence proof of an income of $265 for an average week.[2] As well as the deduction of $25 per week for the garnishee, respondent showed deductions of $19.13 withheld for Federal taxes, $6.90 withheld for New York State taxes, $14.88 for F.I.C.A., and 30 cents for disability insurance. His paycheck also indicated deductions of $3.73 for group insurance, $50 for an advance (a nonrecurring deduction) and $100 for child support, leaving him a net income of $22.81. Clearly, $22.81 was insufficient to meet respondent’s weekly needs. In order for the court to determine the amount of support that the respondent can be ordered to pay, the court must determine respondent’s disposable income for purposes of child support and the results of the priority of that order over the garnishment or assignment of a respondent’s future earnings. (See Sullivan v Sullivan, 68 AD2d 884.)
LAW
I. FEDERAL CONSUMER PROTECTION LEGISLATION
Pursuant to Federal law, consumers are protected from having more than a certain portion of their aggregate disposa *308 ble earnings[3] subject to garnishment by creditors. (US Code, tit 15, § 1673, subd [a].) As defined in the statute "garnishment” is defined to mean "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.” (US Code, tit 15, § 1672, subd [c].)
These consumer protection restrictions do not apply, however, to "any order for the support of any person issued by a court of competent jurisdiction * * * which affords substantial due process, and which is subject to judicial review.” (US Code, tit 15, § 1673, subd [b], par [1], cl [A].) In such cases a garnishment to enforce any order of support shall not exceed 50% of an individual’s disposable earnings if the individual is supporting a spouse or dependent child other than the spouse or child for whose support the order is to be used (US Code, tit 15, § 1673, subd [b], par [2], cl [A]), or 60% where the individual is not supporting another spouse or child. (US Code, tit 15, § 1673, subd [b], par [2], cl [B].)
The protections afforded to the consumer by the Federal statutory scheme apply only to garnishments that have been subject to a judicial transaction. (Atwater v Roudebush, 452 F Supp 622, 631.) Contractual wage assignments do not come within the purview of the Federal law. (Western v Hodgson, 494 F2d 379; Sears, Roebuck & Co. v A. T. & G. Co., 66 Mich App 359.)
The restrictions on garnishment laws do "not annul, alter, or affect or exempt any person from complying with, the laws of any State (1) prohibiting garnishments or providing for more limited garnishments than are allowed under” the Federal law. (US Code, tit 15, § 1677; Evans v Evans, 429 F Supp 580; see Hisquierdo v Hisquierdo, 439 US 572, 587, n 20.) The *309 statutory scheme has been viewed as an exemption statute. (Hodgson v Cleveland Municipal Ct., 326 F Supp 419.) The intent of the Congress was to put a limitation on the garnishment of wages, in order to "relieve countless honest debtors driven by economic desperation from plunging into bankruptcy in order to preserve their employment and insure a continued means of support for themselves and their families.” (US Code, Cong & Admin News, 1968, vol 2, p 1979.) Thus, the Federal law provides a consumer with protection from court ordered deductions which go beyond a certain percentage of an individual’s disposable income.
Whether or not the court is limited in its support order to the maximum percentages established in Federal law when the support order provides for payment directly to petitioner is a question not reached here. However, it would seem clear that when a support order provides for payment to the support collection unit and all such orders must provide for a wage deduction order upon a failure to make a designated number of payments, that in such a case the Federally mandated percentages do apply. This is so for the reason that the wage deduction order is served on the employer upon the happening of the contingency of nonpayment and that no such order could be carried out by an employer which exceeds the mandated percentages without additional notice to respondent. (See Fuentes v Shevin, 407 US 67; Sniadach v Family Fin. Corp., 395 US 337.)
II. DISPOSABLE INCOME
Disposable earnings as defined by title 15 (§ 1672, subd [b]) of the United States Code constitutes the base figure from which wage deduction orders and garnishments are computed. The court must look to the gross earnings of the wage earner and subtract legally mandated deductions, such as withholding for income tax (US Code, tit 26, §§ 3401, 3402), Social Security taxes (US Code, tit 26, § 3121), and unemployment insurance (US Code, tit 26, § 3306), to arrive at the disposable earnings available to compute the percentage of earnings available for a wage deduction order for support.
III. STATE PRIORITIES
The priority given to a wage deduction order for support is a matter of State law. (Marshall v District Ct. for Forty-First-b Judicial Dist. of Mich., 444 F Supp 1110, 1116.) In New York, a court ordered wage order or assignment for the support of a *310 child under the age of 21, a spouse or a former spouse "takes priority over any other assignment or garnishment of monies due or payable”. (Personal Property Law, § 49-b, subd 2.)
While it has long been the law that a wage deduction order has priority over other obligations of the debtor in New York, there has been a continuing debate in the courts of the State as to whether wage deduction order issued pursuant to section 49-b of the Personal Property Law enjoyed an exclusive priority. The majority view was stated in the case of Loan Serv. Corp. v Bridgeport Lbr. Co. (27 Misc 2d 938, affd 14 AD2d 827), where the court stated that deductions made pursuant to section 49-b of the Personal Property Law and regular wage assignments can be made simultaneously. (Accord General Motors Acceptance Corp. v Metropolitan Opera Assn., 94 Misc 2d 753; Southampton Hosp. Assn. v Hampton Cablevision Corp., 64 Misc 2d 998; Lincoln Nat. Bank & Trust Co. of Cent. N. Y. v Colgan, 71 Misc 2d 908; Manufacturers & Traders Trust Co. v Village of Forestville, 57 Misc 2d 973; Costa v Chevrolet-Tonawanda Div. of Gen. Motors Corp., 53 Misc 2d 252, affd 24 AD2d 732; 1959 Opns Atty Gen 103; 1968 Atty Gen [Inf Opns] 118; contra Matter of Judware v Judware, 71 Misc 2d 795.)
Since the priority of a wage support deduction order is not exclusive, the order of precedence of the priority it does enjoy becomes paramount. Section 49-b of the Personal Property Law is explicit. A wage deduction order for support "takes priority over any other assignment[4] or garnishment[5] of monies due or payable.” (Personal Property Law, § 49-b, subd 2.)
This scheme of Federal consumer protection legislation and State law regarding priorities of wage deduction orders, assignments and garnishments, as well as the restrictions on *311 assignments made by State law, produce the following results. If a wage deduction order for support absorbs the entire 25% of a wage earner’s disposable income, no amount may be withheld pursuant to an income execution. (General Motors Acceptance Corp. v Metropolitan Opera Assn., 94 Misc 2d 753, supra.) On the hand, 50% to 60% of a wage earner’s disposable income, depending upon the wage earner’s particular family situation, may be available for a wage deduction order in spite of the claims of a garnishee or assignee. (US Code, tit 15, § 1673, subd [b], par [2], els [A], [B]; Personal Property Law, § 49-b.) Assignments, however, pose unique problems which will be addressed subsequently.
IV. PUBLIC POLICY
If the wage order deduction for support did not take precedence over garnishments and assignments, public policy would be flaunted. Both the Federal and the State governments have manifested a strong policy which requires wage earners to support their dependents. For instance, the Federal Government has mandated that States provide a mechanism to collect payment from persons responsible for the support of dependents (US Code, tit 42, § 652, subds [b], [c]; 45 CFR 302.71). The Congress has also set up a system whereby the support collection unit, when other procedures fail, may apply to the Secretary of the Treasury for a tax lien to secure the support of dependents. (US Code, tit 26, § 6305.) Further, the Congress has enacted legislation which makes Federal employees subject to court proceedings for the payment of support for their dependents. (US Code, tit 42, § 659.) Recently the United States Court of Appeals for the Second Circuit has held that the pension funds of persons delinquent in support duties are subject to attachment for support orders and are not protected by Federal legislation. (American Tel. & Tel. Co. v Merry, 592 F2d 118; accord Cody v Riecker, 594 F2d 314; Cartledge v Miller, 457 F Supp 1146; Commonwealth ex rel. Magrini v Magrini, 398 A2d 179; Cogollos v v Cogollos, 93 Misc 2d 406.)
In New York the Legislature has provided that a husband is chargeable with the support of his wife (Family Ct Act, § 412) and that a father has a duty to support his child. (Family Ct Act, § 413.) A mother also has a duty to support her child (Matter of Carter v Carter, 58 AD2d 438; see Family Ct Act, § 414). Further, a spouse has duties of support when the other spouse becomes a recipient of public assistance or a patient in *312 an institution of the Department of Mental Hygiene. (Family Ct Act, § 415.) Nor can a husband contract away his obligation to support his wife. (General Obligations Law, § 5-311.) A parent also has the duty if possessed of sufficient means to support a child under the age of 21 who is receiving public assistance. (Family Ct Act, § 415.) The parents of a child born out of wedlock also have a duty to support their child. (Family Ct Act, § 513.) Further, New York has enacted a Uniform Support of Dependents Law, whereby persons in one State may be found liable for the support of persons without the State. (Domestic Relations Law, art 3-A.) Husbands, fathers, mothers, and wives are all statutorily charged with liability for their dependents in various situations. (Domestic Relations Law, §§ 32, 33.) Further, as has been previously discussed, special procedures and priorities have been established for obtaining support in New York. (Personal Property Law, § 49-b.)
Given the strong public policy for the support of dependents, the priority given to support payments is logical. Were a person not primarily liable for the support of dependents, an irresponsible person could make self-serving wage assignments and subject him or herself to garnishments from commercial creditors for expensive purchases, while providing nothing for the support of dependents. Thus, conceivably, the taxpayer by assuming the support of dependents in need of sustenance could, essentially, be paying for the profligate’s purchases, since without the priority, those purchases could be deducted from the available disposable income of the wage earner prior to the needs of his dependents. This reasoning was well expressed by the Attorney-General of Oregon when he stated that "the garnishment exemption provisions should serve as a shield for the wage earner and his or her dependents, not as a sword to be used by the wage earner against those dependents.” (1978 Opns Atty Gen 7677 [Ore].)
The fact that wage orders pursuant to section 49-b of the Personal Property Law are court ordered provides protection to the public and avoids the possibility of collusion between husband and wife to defraud creditors. In New York full financial disclosure is required of parties to a support proceeding (Family Ct Act, § 424-a) and the court is charged with determining the needs of the family as well as the means of the wage earner. (Family Ct Act, §§ 416, 435, 437.)
V. ASSIGNMENTS
Assignments are not included in the protections afforded *313 consumers by Federal legislation. (Western v Hodgson, 494 F2d 379, supra; Sears, Roebuck & Co. v A. T. & G. Co., 66 Mich App 359, supra.) In New York, however, consumers are protected to some extent by the fact that assignments are controlled by State law. (Personal Property Law, art 3-A.) While wage support deduction orders are not subject to the percentage of earnings restrictions which apply to assignments and garnishments (Personal Property Law, § 49-b, subd 2), such an order is subject to the restriction that earnings must exceed $85 per week for any order withholding wages to be made. (Personal Property Law, § 48-b.) Any person having an interest in an assignment may bring a special proceeding in a court of record to vacate an assignment. (Personal Property Law, § 47-e.) Assignments are limited to 10% of the assignor’s future earnings[6] payable in a month (Personal Property Law, § 48-a), but the amount upon which this computation is based is limited by the definition of assignment. (Personal Property Law, § 46, subd 1; see n 4, supra). Wage deduction orders for support have priority over assignments under New York law. (Personal Property Law, § 49-b.)
Unlike wage deduction orders for support and garnishments which are computed upon the base figure of disposable earnings under the Federal law, assignments in New York are computed on the basis of earnings or future earnings, or, in common parlance, gross income. This different base figure for computation produces two unforeseen results:
1. In practice an assignment enjoys a priority over a court ordered garnishment; and,
2. Respondent can be left with less than $85 per week take home pay, thus leaving him close to eligibility for public assistance. (See Social Services Law, § 131-a, subd 2; 18 NYCRR Part 352; 45 CFR 233.20.) In order to avoid this later result, section 48-b of the Personal Property Law, which establishes that "no portion of the assignor’s future earnings shall be withheld by reason of any assignment, unless such earnings exceed the sum of eighty-five dollars per week”, must be interpreted to mean that a person who is subject to a wage deduction support order and an assignment must be allowed *314 to retain $85 per week for his own needs. Otherwise the public may well end up subsidizing the assignee by providing basic living expenses to the assignor since payment of the assignment would reduce the assignor’s take home pay to a recognized level of indigency. Certainly the public policy of New York is not to subsidize the purchase of consumer goods which intentionally or inadvertently place an assignor in dire financial straits.
VI. THE PRESENT CASE
In the case now before the court the respondent has gross weekly earnings of $265. His legal deductions amounted to $41.21, leaving him with a disposable income of $223.79. Since respondent is married to petitioner, 60% of his disposable income is available for support, or $134.27. This court, therefore, orders that respondent pay a wage deduction support order of $134.27 pursuant to section 49-b of the Personal Property Law.
No evidence was submitted at trial as to whether the $25 deducted from respondent’s paycheck is for a court ordered garnishment or for an assignment. If the $25 is for a garnishment, nothing is available for the garnishee. If, on the other hand, the $25 is an assignment, the assignor is entitled to $4.52 if $85 is an exempt allowance. If $85 is not an exempt allowance, the full assignment may be taken from his wages, leaving him $64.52. Since $20.89 per week plus shelter, fuel and other costs are the standard of "need for determining eligibility for all categories of assistance in and by all social service districts” (Social Services Law, § 131-a, subd 2), respondent would find himself close to if not exceeding that standard. Such an inequitable outcome would defeat the protective intention of the legislation, for the consumer could still be weighted down with debts that force him into dire financial circumstances which could ultimately defeat the multifaceted public policy which requires an individual to support his legally determined dependents. Accordingly, the court interprets section 48-b of the Personal Property Law as an exemption provision and holds that a respondent must be allowed $85 as take home earnings after any court ordered wage deduction order has been made.

. The couple have four minor children who reside with petitioner, Heidi, born April 14, 1963; Penny, born July 15, 1964; Tammy, born December 20, 1965; and Danny, born October 26, 1968.

. This figure is arrived at by dividing the year to date gross earnings of $8,764.85 by 33, the paycheck put into evidence being for the 33rd week of the year.

. "Earnings” under the Federal statute "means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.” (US Code, tit 15, § 1672, subd [a].) "Earnings” has been construed by the Supreme Court of the United States to be " 'limited to periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensations.’ ” (Kokoszka v Belford, 417 US 642, 651; see, also, Usery v First Nat. Bank of Arizona, 586 F2d 107 [bank not responsible for determining depositor’s right to a wage earner’s exemption under US Code, tit 15, § 1671 et seq.].) "The term 'disposable earnings’ means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.” (US Code, tit 15, § 1672, subd [b]; see First Nat. Bank v Hasty, 415 F Supp 170, affd without opn 573 F2d 1310 [amount of alimony and child support payments is included in disposable earnings].)

. " 'Assignment’ means any assignment of or order for payment of any earnings, whether given outright or as security. 'Assignment’ shall not include a payroll deduction, nor any part of earnings required by law to be withheld in payment of taxes, nor such sums as may be deducted by the employer for payment to a labor union or to a trust fund for the benefit of employees, pursuant to agreement in writing either with the employee or with a labor union of which the employee is a member.” (Personal Property Law, § 46, subd 1.)

. " 'Garnishment’ means any levy or execution, attachment, sequestration, proceedings to enforce a judgment or other legal process by which a creditor or other claimant to any portion of an employee’s earnings stops payment by an employer to an employee or obtains payment due the creditor. 'Garnishment’ shall not include an order for installment payments to a judgment creditor.” (Personal Property Law, § 46, subd 8.)

. In New York law " 'Earnings’ means any salary, wages, commissions, or other compensation for services. 'Future earnings’ means earnings which become payable by an employer, to an assignor or persons claiming under him, after the execution of the instrument of assignment.” (Personal Property Law, § 46, subd 3.)