OPINION OF THE COURT
Claire T. Pearce, J.
In the instant petitions the Commissioner of Social Services, on behalf of his assignors, has established the respondents’ default in making payments for support, and arrears have been determined and set by this court. The petitioner seeks an order for periodic income deductions under Personal Property Law § 49-b for an amount which includes current support and payments on arrears until the indebtedness is fully satisfied; simultaneously he applies for permission to enter money judgments for the full arrears, thereby additionally entitling him, in his *680 discretion, to pursue concurrent execution on 10% of the respondent’s gross salary. (Loan Serv. Corp. v Bridgeport Lbr. Co., 27 Misc 2d 938, affd 14 AD2d 827; Costa v Chevrolet-Tonawanda Div. of Gen. Motors Corp., 53 Misc 2d 252, affd 24 AD2d 732; Southhampton Hosp. Assn. v Hampton Cablevision Corp., 64 Misc 2d 998; Lincoln Natl. Bank & Trust Co. v Colgan, 71 Misc 2d 908; cf. the minority view holding that simultaneous deductions from an employee’s salary by income execution and garnishment for family support is prohibited, Feder v Skyway Container Corp., 218 NYS2d 362, overruled without opn in Southhampton Hosp. Assn. v Hampton Cablevision Corp., supra; Matter of State Tax Commn. v Delaware & Hudson R. R. Corp., 53 Misc 2d 809; Matter of Judware v Judware, 71 Misc 2d 795; see also, Matter of Beahm v Beahm, 47 Misc 2d 900, which states that orders under Personal Property Law § 49-b are “prima facie” exclusive and take priority over other garnishments or assignments against future wages under the CPLR and that the Family Court or other courts of competent jurisdiction have discretion to grant or deny applications of judgment creditors for cumulative concurrent orders.)
An income deduction order was immediately granted in each case herein and decision was reserved on the request for simultaneous permission to enter a money judgment.
The question presented is, given the mandatory language of Personal Property Law § 49-b, Family Court Act § 454 (2); § 460 (as amended),[2] whether the court must grant the applications for such concurrent and cumulative relief. Prior to these amendments the court’s discretion here was deemed necessary and *681 apparent. (Matter of Nazaria C.L. v Luis C., 119 Misc 2d 992; Matter of Beahm v Beahm, supra.) The Commissioner in now routinely applying for such dual relief in each and every case on arrears argues that the court is without discretion under the current wording of the statutes and must grant both of his applications.
As is typically the case in Family Court, the respondents here are average to very marginal wage earners with unlikely prospects for levy or execution against unexempt property; future earnings are the only viable (assignable) resource. The court, therefore, has not considered the issue of cumulative and concurrent enforcement, under Personal Property Law § 49-b and CPLR article 52, except as it applies under CPLR 5231 (income execution).
It should also be stated that petitioner’s agreement when given to the periodic payments set by the court under Personal Property Law § 49-b may lead to the conclusion that he will forebear from proceeding to further enforcement mechanisms, however, it is altogether unclear under what circumstances he may elect to do so, or whether upon choosing to proceed he will also prevail elsewhere.[3]
It has been frequently pointed out that respondents’ claiming hardship in dual garnishments under CPLR article 52 may seek a protective order pursuant to CPLR 5240. (Matter of Royal Business Funds Corp. v Rooster Plastics, 53 Misc 2d 181; Feder v Skyway Container Corp., supra.) A respondent under these circumstances, however, is. without a protective remedy as it is doubtful that proceedings under CPLR 5240 are applicable to income executions (CPLR 5231). Even if such relief were available it would constitute prohibitive loss of employment time and legal expense. The respondents are therefore relegated to reapplying to Family Court for relief after the eventuality of an income execution.
In no instance that this court is aware of has a simultaneous income deduction order and money judgment been granted with the clear understanding that the petitioner will proceed to execution prior to a default on the income deduction order. In practice it is granted as an alternative enforcement procedure, therefore, the income deduction order is predicated on the respondents’ entire resources and ability to pay. Respondents, *682 usually acting pro se in this court, often consent to an income deduction order and fail to object to the petitioner’s pro forma request for a simultaneous money judgment. The respondents, the court and the petitioners’ counsel, in most instances, have a clear expectation that the respondent’s indebtedness will be fully satisfied by way of the income deduction order under Personal Property Law § 49-b.
While we are mindful of the Legislature’s unequivocal stricture against leniency towards defaulting respondents in support proceedings, it would appear that inflicting cumulative garnishments under these circumstances is counterproductive of its end of securing compliance to orders of support and can only lead to disaffection by the respondents and ultimately increase contumacious defaults; a state of affairs which cannot be said to be in the interests of the petitioner, his assignors, or the tax-paying public which are the prime considerations and intent of the statutory provisions under consideration.
In viewing these provisions for enforcement it is necessary to read Family Court Act §§ 454, 460 (as amended), together with Personal Property Law § 49-b and Family Court Act §§ 413, 415, 442, 443, 451, 453 (see, Matter of Nazaria C. L. v Luis C., supra; Matter of Roseann R. v William R., 119 Misc 2d 874), and with the statutory provisions for the enforcement of money judgments under article 52. In any such reading of the statutory scheme the intent of the Legislature must be determined and carried out to the fullest extent possible, and where there are conflicting provisions the court must seek to harmonize them so as to effect that intent. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 97, 98, 398; Matter of Judware v Judware, supra; Matter of Beahm v Beahm, supra; Feder v Skyway Container Corp., supra; see also, Matter of Industrial Bank of Commerce v Kelly, 28 Misc 2d 889; Wells v Hollister, 180 Misc 1073, mod 267 App Div 161, affd 292 NY 615; McDonnell v McDonnell, 281 NY 480.) The legislative intent in amending Family Court Act §§ 454, 460 is articulated as an attempt to secure arrears to the petitioner and deter later cancellation by the Family Court. However there is no indication of an intent to escalate the collection process to secure concurrent garnishments. (L 1983, ch 746, §§ 1, 2, 3, 6; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 454, p 393; § 460, p 420.)
Additionally, there has been recent renewed occasion to interpret the mandatory language of Personal Property Law § 49-b, in Matter of Krauskopf v Ambrosio (NYLJ, Aug. 28,1984, p 7, col 3), where Justice Monteleone found on a pretrial motion that *683 there was “little room for conflicting interpretations” as to its mandatory nature, citing Matter of Luz N. v Luis R. (76 AD2d 888) and Matter of Commissioner of Social Seros, v Roberto G. (72 AD2d 9), but he subsequently found that “[a] court has the inherent responsibility to see that its orders are carried out pursuant to decision or statute” and that “the terms and content of [its] order are discretionary with each judge.” (Matter of Krauskopf v Ambrosio, NYU, Oct. 15,1984, p 23, col 1.) Consequently, a Family Court Judge was held, despite the mandate, to be able to fashion individual orders setting down terms and conditions precedent to petitioner’s further action prior to instituting an income deduction order.
The mandatory language of Family Court Act § 460 is likewise unambiguous, however, this court having heard and determined the facts as to respondents’ financial ability to pay toward support and arrears finds that it has the inherent responsibility and power to set down the terms and conditions for any additional deductions taken from those wages at the sole discretion of the petitioner. (Family Ct Act §§ 413, 415, 442, 443.)
Indeed, it was the determination of the Court of Appeals that such concurrent and cumulative deductions directed in the discretion of the trial court pursuant to Civil Practice Act § 793,[4] in an analogous factual situation was a violation of public policy. (McDonnell v McDonnell, supra.) There is also ample authority recognizing a strong public policy interest in not denuding a judgment debtor of his entire livelihood (Family Ct Act §§ 413, 415, 442, 443; CPLR 5201, 5205, 5240; Personal Property Law § 48-b; Consumer Credit Protection Act, 82 US Stat 146; General Motors Acceptance Corp. v Metropolitan Opera Assn., 94 Misc 2d 753, mod 98 Misc 2d 307).
It should also be noted that mandatory concurrent garnishments are unnecessary {Sementilli v Sementilli, 102 AD2d 78), most especially in Family Court proceedings as the authority provided under Personal Property Law § 49-b entitles the court to fix an unlimited amount for the support of a spouse, former spouse, or child from the wages of those whose earnings are more than $85 per week. (Personal Property Law § 48-b.) Any limitation upon the court’s ability to apportion amounts for the support of dependents, including payments for arrears, under State law is left to the court’s discretion, with the proviso that the order be fair and reasonable. (Family Ct Act §§ 413, 415, 442,443.) However, under the Federal statute (Consumer Credit *684 Protection Act) all State courts are constrained to limit deductions for support to 60 to 65% of disposable income. (General Motors Acceptance Corp. v Metropolitan Opera Assn., supra; Matter of Liedka v Liedka, 101 Misc 2d 305 [these limitations may be honored in the breach without court oversight].)
Where a respondent defaults on an income deduction order, the Family Court is not without further remedy; it has continuing jurisdiction and authority until its judgment is satisfied (Family Ct Act § 451); it may entertain petitions for violation of its order (Family Ct Act § 453) and has an array of discretionary alternatives upon default including that of commitment to jail (Family Ct Act § 454 [1] [a]). Therefore, given the broad scope of the Family Court’s authority there is no reasonable basis for seeking to secure concurrent wage deduction orders for enforcement on arrears without further consideration by the Family Court or another court of competent jurisdiction. (Matter of Beahm v Beahm, 47 Misc 2d 900, supra.)
This court finds that concurrent cumulative orders for the payment of arrears herein would be patently unfair and unreasonable and, therefore, violative of Family Court Act §§ 413, 415, 442, 443, Sementilli v Sementilli (supra), Matter of Nazaria C.L. v Luis C. (119 Misc 2d 992, supra), Matter of Beahm v Beahm (supra), Matter of Judware v Judware (71 Misc 2d 795, supra), and further finds that petitioner has an entirely sufficient mechanism for enforcement of arrears by way of an income deduction order under Personal Property Law § 49-b, and enforcement devices under Family Court Act § 454 (1). To the extent that Family Court Act §§ 454, 460 mandate such dual concurrent relief they are in contravention of Family Court Act §§ 413, 415, 442, 443 and must be harmonized.
In view of all of the foregoing this court directs that money judgments be entered herein, with petitioner being stayed from further levy and execution upon the earnings of the respondents unless and until 10 days after respondent defaults on payments by an income deduction order previously granted to petitioner. See CPLR 5231 (a) which provides for prior notice and request for payment before execution on income.
Additionally, interest on the money judgments pursuant to CPLR 5003 is likewise stayed under the facts presented in these cases. However, in the proceedings against Joseph M., Yves J. and John M. the court finds that the default was willful and therefore petitioner is entitled to interest from the date of default to the effective date of the income deduction order *685 pursuant to Family Court Act § 460 (1) (e); np finding of willfulness is made as to John H. and Manuel V.
Respondents are granted leave upon an unanticipated[5] decrease in earnings or loss of employment to petition the Family Court, prior to or upon default on the income deduction order for a modification of the schedulized amount to be paid to petitioner. However, in no event will an application for a cancellation of arrears be entertained. Filing by the respondents of a petition for such modification within 10 days of default shall further stay execution against wages pending a hearing of said petition. Failure of respondents to so file upon default or prior thereto shall vacate this stay.
In the event of an automatic cancellation of this stay, respondents shall be liable for the full amount of arrears less all payments made under the income deduction order. Petitioner prior to execution on a money judgment granted herein shall file partial satisfaction piece(s), with the Clerk of the Family Court, and in accordance with the provisions of CPLR 5020, 5021.

. The pertinent part of Family Court Act § 454 reads: “If the court, after hearing, is satisfied by competent proof and finds that the respondent has failed to obey any lawful order issued under this article, the court, in addition to or in lieu of exercising any or all of the powers of subdivision one of this section, shall enter a money judgment pursuant to section four hundred sixty of this article.” (Family Ct Act § 454 [3], as amended by L 1983, ch 746, § 3; emphasis added.)
This pertinent part of Family Court Act § 460 reads: “The relief provided for herein shall be in addition to any and every other remedy which may be provided under the law including, but not limited to, the remedies provided under the provisions of section four hundred fifty-four of this act and section forty-nine-b of the personal property law; provided that when a judgment for such arrears has been entered pursuant to this section, such judgment shall not thereafter be subject to modification or be affected by the provisions of section four hundred sixty-two of this act. After the entry of any order hereunder, the judgment creditor shall not thereafter be entitled to collect, by any form of remedy, any greater portion of such arrears than that represented by the order so entered.” (Family Ct Act § 460 [3], as amended by L 1983, ch 746, § 6; emphasis added.)

. The court is advised by the Department of Social Services’ counsel that the Commissioner has not yet elected to proceed to levy or execution in any of the literally hundreds of cases in which he has secured concurrent orders since the statutory amendment.

. Civil Practice Act § 793, predecessor of CPLR 5226 (installment payments).

. Any anticipated change of circumstances continues to be subject to the provisions of Family Court Act § 451 which provides for prior filing of petitions for modification of support unless good cause is shown.